Smith v. Washington,

| 88 | 475 |
| 117 | 296 |

SMITH, *Plaintiff in Error*, v. WASHINGTON.

1. **Equity** : LACHES : LAND AND LAND TITLES. The plaintiff in this case held to be precluded from successfully invoking equitable interference in behalf of his claim to land, because of the laches of his grantor and the latter's failure to perform his portion of the contract, which was the consideration by which he obtained his title.

2. **Land and Land Titles** : QUIT CLAIM DEED : AFTER ACQUIRED TITLE. The plaintiff's grantor, claiming title through a quit-claim deed from defendant, held not to be entitled in this case to any title afterwards acquired by the latter.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Henry H. Denison* for plaintiff in error.

*Glover & Shepley, J. B. Henderson* and *J. S. Dobyns* for defendant in error.

SHERWOOD, J.—The defendant and others claimed to have inherited certain lands from H., their deceased father. These lands were held adversely. Defendant agrees with attorney, D., that if he will sue for these lands, he shall receive as compensation one-half of what is recovered, delivering to him at the same time, a quit-claim deed for one-half of her interest in these lands. D. does not record his deed nor sue for these lands, though it seems he does render some sort of service in the matter, the nature of which does not appear. But W. and her co-heirs do institute suit and prosecute the same with such success that in four years time the heirs of L., who are in possession of the lands, are willing to compromise. Whereupon a compromise is effected, whereby the heirs of H., including W., quit-claim certain blocks in the subdivision of the property, and leave them in quiet possession of those, while the heirs of L. likewise quit-claim other blocks to the heirs of H., including W., and put them in quiet possession. These deeds are duly put to record, imparting notice to all, and the process of interchange of deeds goes on for a year or two. D., meanwhile, does nothing, and seven years and a half after the agreement with W., already recited, and three years and a half after the recording of the first deed of the heirs of L. to W., he, for a consideration of one hundred dollars, quit-claims to the plaintiff any interest he may have obtained by reason of the quit-claim deed of W. The deed thus obtained as well as the one from W. to D., are at once put to record, and this suit is brought by plaintiff, and he claims that in consequence of the foregoing facts that he is entitled to one-half of any interest W. may have in the specific lots

conveyed to her, and the other heirs of H. by the heirs of L., which lots, with other portions of the tract, W., at the time of her quit-claim deed to D., claimed, together with the other heirs of her father.  The circuit court, on a general demurrer, held the above statements of the petition insufficient, and this ruling was affirmed by the St. Louis court of appeals.  Nothing can be clearer than the correctness of this ruling.

I.  The laches of Darby and his failure to perform his portion of the contract are sufficient in and of themselves to preclude him from successfully invoking equitable interposition in behalf of his stale and forfeited claim.

II.  The deed of the defendant to Darby being a mere quit-claim, he was certainly not entitled to any after-acquired title obtained by defendant.  There may be circumstances when tenants in common in possession under an imperfect title derived from a common ancestor, may be precluded from acquiring any additional interest in the land thus held, except on condition of sharing it with each other ; but, manifestly, that is not this case.

III.  If Darby had carried out his contract, and been successful in the suit brought, and while on the eve of success, defendant, in consequence of his exertions, had been enabled to make a compromise similar to the present one, and in so doing, she had ignored and trampled on his rights, a different case would have been presented.

IV.  Inasmuch as any right Darby acquired in the premises, was lost by reason of his laches and his failure to perform his agreement, and as plaintiff stands in his shoes, the judgment should be affirmed.  All concur.