## STATE V. KEMMERER.

Comp. Laws, § 3249, provides that, from the use of the word "grant" in conveyances of estates in fee simple, covenants that the grantor has not previously conveyed the same estate and that it is free from incumbrances will be implied. Section 3254, subd. 4, provides that, if such grantor subsequently acquires title to such property, the same passes by operation of law to the grantee. The granting clause in a deed stated that defendants "do convey, grant, remise, release, and quitclaim all their right, title, estate, interest, property, and equity in and to the following real property." *Held*, that such instrument, not purporting to convey a fee simple title, did not come within the statute, and hence defendant's title acquired by the assignment to her of a certificate of sale under a mortgage in force at the date of the deed did not pass to the grantee.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Faulk county. HON. LORING E. GAFFY, Judge.

Action by the state against Emma Kemmerer. From a judgment for defendant, plaintiff appeals. Affirmed.

*John L. Pyle,* Attorney General, and *Alva E. Taylor,* Assistant Attorney General, for Appellant.

The use in a granting clause of a deed of conveyance of the words "convey, grant, remise, release and quitclaim," passes to the grantor a fee simple title and any subsequent title acquired by the grantor enures to the benefit of the grantee. §§ 3249, 3254, Comp. Laws; 9 Am. and Eng. Ency. of Law, 137; Grantz v. Ewalt, 2 Bin. 95; Latham v. Morgan, 1 S & M. 611; 4 Kent's Com. 474; Drexel v. Miller, 49 Pa. St. 249; Hawk. v. McCullough, 21 Ill. 220; Funk v. Voneida, 11 S. & R. 109; Weems v. McCaughan, 7 S. & M. 422; Alexander v. Schreiber, 10 Mo. 469; Brown v. Tomlinson, 2 Green 525; Washburn on Real Property, Vol. 2, Page

723; Washburn on Real Property, Vol. 3, Page 416; Funk v. Creswalt, 5 Iowa 62 & 95; Robuck v. Dupay, 2 Ala. 538; Latham v. Morgan, 1 S. & Mch. 611; Prettyman v. Wilkie, 19 Ill. 249; DeWolf v. Haydn, 24 Ill. 525; King v. Gibson, 32 Ill. 353; Boyd v. Haseltine, 110 Mo. 203; Cockrill v. Bone, 94 Mo. 444; King v. Gilson, 32 Ill. 348; Benton Co. v. Rutherford, 33 Ark. 640; Sumner v. Williams, 8 Mass. 162; Armstrong v. Darby, 26 Mo. 517; Clare v. Graham, 64 Mo. 249; Koenig v. Bronson, 73 Mo. 634; Espy v. Anderson, 14 Pa. St. 308; Stewart v. Anderson, 10 Ala. 504; Dun v. Deitrich, 3 N. D. 3; Altringer v. Copehart, 68 Mo. 441; Parker v. Randolph, 5 S. D. 549.

*W. S. Buuell,* for respondent.

Cited, contra: Veit v. Dill, 78 Hun. 171; Marshall v. Robers, 18 Minn. 405; Rogers v. Burchard, 7 Am. Rep. 283; Smith v. Rudd, 29 Pac. 310; Johnson v. Williams, 14 Pac. 537; McAdow v. Black, 13 Pac. 377; Wightman v. Spafford, 8 N. W. 680; Dunn v. Deitrich, 53 N. W. 81.

CORSON, J. This is an action to quit title to a quarter section of land alleged to have been conveyed by the defendant, Emma Kemmerer, and her husband, Abram Kemmerer, to John L. Lockhart, as trustee for the plaintiff. The deed is set out in the complaint, and the granting clause is as follows: "Do hereby convey, grant, remise, release, and quitclaim unto John L. Lockhart, trustee for the state of South Dakota, and to his assigns forever, all the [their] right, title, estate, interest, property, and equity in and to the following real property." The complaint then alleges that prior to the time of the execution of said deed a mortgage had been executed upon said premises by the defendant and her husband, that said mortgage had been foreclosed by advertisement, and that the certificate of sale had been assigned to the defendant, and the defendant claims some

right, title, and interest in and to said property by virtue of said certificate. It is further alleged that the plaintiff is the owner of the property in fee simple, and that the defendant has no right, title, or interest in or to the same by virtue of said assignment of said certificate of sale, and that the claim of an estate or interest in said real property made by the defendant is adverse to the plaintiff; and plaintiff demands judgment that the right, title, and interest of said defendant under said certificate of sale be determined, and that the plaintiff be decreed to be the owner in fee simple of the property, and that the defendant be decreed to have no estate, right, title, or interest therein. The defendant in her answer admits the execution and foreclosure of the mortgage as alleged in plaintiff's complaint, admits that the certificate of sale was assigned to her, and alleges that said certificate was sold and assigned to her by W. F. Bruell for a valuable consideration. Defendant further admits that she executed the quitclaim deed set forth in the complaint, but denies that she was the owner of the premises, and denies that she executed the quitclaim deed in any other capacity than that of wife of Abram Kemmerer. Defendant further denies that the plaintiff is the owner of the premises described in said deed, and alleges that she is now, and ever since April 19, 1897, has been, the lawful owner and holder of said certificate of sale. Defendant denies each and every allegation of the complaint, except as admitted or qualified in said answer. To this answer the plaintiff interposed a demurrer upon the ground that said answer does not state facts sufficient to constitute a defense to the cause of action set forth in plaintiff's complaint. The demurrer was overruled by the court, and, the plaintiff electing to stand upon said demurrer and declining to introduce any evidence on behalf of the plaintiff, a judgment of dismissal was entered. From this judgment the plaintiff has appealed to this court.

It is contended on the part of the state that it became the owner of the property described by virtue of the deed from the defendant and her husband, and that, as in the granting clause of the deed the words "convey and grant" are used, any title, interest, or lien that she may have acquired subsequently to the execution of the deed inured to the benefit of the plaintiff. The state relies upon Section 3249, and subdivision 4, § 3254, Comp. Laws, as supporting its contention. Section 3249 reads as follows: "From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs and assigns, are implied unless restrained by express terms contained in such conveyance; (1) That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title or interest therein, to any person other than the grantee. (2) That such estate is, at the time of the execution of such conveyance, free from incumbrances done, made or suffered by the grantor, or any person claiming under him. Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance." Subdivision 4 of Section 3254 reads as follows: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee, or his successors." The plaintiff further claims that, from these provisions of the statute, any after-acquired title by Mrs. Kemmerer inures to the benefit of the state, and that the incumbrance upon the property (placed thereon by herself and husband) under which she now claims will constitute no lien upon the property as against this plaintiff, as by Section 3249 aforesaid there is an implied warranty that the estate "is free from incumbrances done, made or suffered by the grantor, or any person claim-

ing under" her. The defendant, on the other hand insists that the deed set out in the complaint is simply a quitclaim deed, and does not purport to pass a fee simple title, and does not come within the provisions of either section of the statute quoted, and the defendant was not precluded from acquiring an interest in or lien upon said premises subsequent to the execution of the same, good and valid as against the plaintiff.

We are inclined to the opinion that the defendant is right in her contention. It is true that the word "grant" is used in the conveyance, but it is qualified by the terms "remise, release, and quitclaim," as well as by the words "right, title, estate, interest, property, and equity in and to the following real property." It will be noticed that by section 3249 it is provided that, from the "use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed," certain covenants are implied, and that by subdivision 4 of Section 3254 it is provided that where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title thereto, the same passes by operation of law to the grantee. It is not sufficient, therefore, that the instrument contain the word "grant," but it must purport to convey the property itself in fee simple. This the deed in controversy in this case does not purport to do. Upon its face it only purports to quitclaim to the state the right, title, and interest that the defendant had in the property, and contains no covenant of warranty. In Derrick 7. Brown, 66 Ala. 162, the supreme court of that state, in speaking of a similar deed, uses the following language: "The deed is by Stephens and wife, and is without express covenants of warranty. Its granting clause is 'do bargain, sell, and quitclaim unto the said Derrick, and to his heirs and assigns forever, all our, and each of our, right, title, interest, estate, claim, and demand, both at law and

in equity,' etc. Now, though the words 'bargain, sell,' are words of implied warranty, under our statute, if used without qualification (Code 1876, § 2193,) yet it clearly appears from other words in this conveyance that they were not so intended. The deed employs the word 'quitclaim,' and expressly limits its granting effect to the 'right, title, interest, estate, claim, and demand, of the grantors. They conveyed no title other than that they owned, legal or equitable, in possession or expectancy." Frink v. Darst, 14 Ill. 304. Mr. Washburne, in his work on Real Property, says: "A form of deed of the nature of a release, containing words of grant as well as release, commonly known as a 'quitclaim deed,' has long been in use in this country." 3 Washb. Real Prop. (5th Ed.) Page 376. This description of a quitclaim deed seems to be approved by the author of Bouvier's Law Dictionary (Rawle's Revision), under the title "Quitclaim." In the latter work it is said, "The operative words are 'remise, release, and forever quitclaim:'" and he adds, "Covenants of warranty against incumbrances by the grantor are usually added." Mr. Anderson, in his Law Dictionary,, defines a quitclaim deed as a "deed in the nature of a release, containing words of release and grant," and adds, "It conveys such interest as the grantor may have, without covenants of title." And. Law Dict. Tit. "Quitclaim." The use of the term "grant," therefore, does not necessarily determine the character of the deed; but as to whether it is a quitclaim deed, or a deed of grant, bargain, and sale, that purports to convey the property itself is to be determined from the whole of the granting clause contained in the deed. The deed in controversy in this action is clearly a quitclaim deed, within the rule above stated. It does not purport to convey the property, but only the grantor's right, title, and interest therein. Such a deed therefore, does not have annexed to it, under the statute, implied covenants, and an after-ac-

quired title does not pass by operation of law to the grantee or his successors. The author of the article on "Deeds" in the American and English Encyclopedia of Law thus speaks of a quitclaim deed; "A quitclaim deed does not convey the land itself, but merely the grantor's interest therein, and therefore a subsequently acquired title does not pass to the grantee." 9 Am. & Eng. Ency. Law (2d Ed.) 106. See, also, cases cited. In Field v. Columbet, 4 Sawy. 523, Fed Cas. No. 4764, Mr. Justice FIELD, sitting in the circuit court, in speaking of the deeds in use in California, says: "The only practical difference in deeds in use in this state arises from their different operation under the statute upon subsequently acquired interests, or from the covenants implied from particular terms. The quitclaim deed only passes such interest as the grantor possessed at the time, and has no operation whatever upon subsequently acquired interests. By its execution the grantor does not affirm the possession of any title; nor is he precluded from subsequently acquiring a valid title, and holding it for his own benefit. The subsequently acquired title does not inure in any respect to the benefit of the grantee in the quitclaim; and therein lies its distinction from the deed in fee simple absolute under the statute, or the deed with covenants. This view seems to be sustained by the great weight of authority. Frost v. Society, 56 Mich. 62, 22 N. W. 189; Smith v. Pollard, 19 Vt. 272; Cadiz v. Majors, 33 Cal. 288; Dart v. Dart, 7 Conn. 250; Shumaker v. Johnson, 35 Ind. 33; Smith v. Washington, 88 Mo. 475; Kountz v. Davis, 34 Ark. 590.

Counsel for the state have cited in support of their position a large number of authorities, most of which we have examined; but in the view we have taken of the deed in this case, we have not deemed it necessary to review them. Holding, as we do, that the deed in controversy is a quitclaim deed, the defendant was not precluded

from purchasing and holding the outstanding title, interest, or lien set out in the complaint and answer, and asserting the same as against the claim of the plaintiff; and hence the court ruled correctly in overruling plaintiff's demurrer to the answer. The judgment of the circuit court is therefore affirmed.