1999 ND 212

**STATE BANK & TRUST OF KEN-MARE, a North Dakota corporation, Plaintiff and Appellee,**

v.

**Duane U. BREKKE, d/b/a Brekke Limited Partnership, Defendant and Appellant.**

No. 990064.

Supreme Court of North Dakota.

Dec. 1, 1999.

Richard C. Wilkes, Kenmare, N.D., for plaintiff and appellee.

Thomas A. Wentz, Jr., Pringle & Herigstad, PC, Minot, N.D., for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Duane U. Brekke, d/b/a Brekke Limited Partnership ("Partnership"), appealed from a district court judgment awarding damages to State Bank & Trust of Kenmare ("the Bank"), relating to a Partnership building which encroached upon an adjacent lot owned by the Bank. The trial court concluded the Partnership, by adverse possession, owns the entire building and the land upon which it sits, and that conclusion has not been challenged by the Bank. We, therefore, hold Brekke is not liable for damages to the Bank on equitable principles of unjust enrichment based upon the encroachment. We further hold, however, the deed by which Brekke conveyed the adjacent lot to the Bank contained a personal warranty by Brekke to defend the title against claims "by, through, or under" him, which was breached, as a matter of law, by the Partnership's claim against the Bank's title, arising by adverse possession under color of title from Brekke. We also hold there is no statutory authority for the court's award of attorney fees or basis for assessing interest on the damages prior to October 13, 1989. We, therefore, modify the damage award to include interest after October 13, 1989 and to eliminate the award of attorney fees. As so modified, we affirm the judgment.

[¶ 2] Brekke acquired Lot 1, St. Croix Addition in Minot ("St. Croix lot") by contract for deed in July 1984. The Partnership was formed in August 1984. In September 1984 Brekke, by assignment of the contract for deed, transferred the St. Croix lot to the Partnership. The Partnership made final payment on the St. Croix lot in April 1986 and received a warranty deed for the property in September 1986. Brekke had acquired an adjacent parcel of land, platted as the Northern States Power Site, ("NSP lot") by warranty deed in April 1981. Brekke received loans from the Bank secured by

numerous mortgages on the NSP lot, executed in April 1981, June 1981, November 1986, and February 1988.

[¶ 3] In late 1984, Brekke visually discovered that a warehouse building located on the St. Croix lot encroached upon the NSP lot. By an unrecorded document designated "memorandum of purchase" dated August 30, 1986, Brekke purported to sell that portion of the warehouse which encroached upon the NSP lot and the land under it to the Partnership for $2,500. On October 13, 1989, Brekke, and his wife Jeanne, deeded the NSP lot to the Bank in satisfaction of the mortgages Brekke had given the Bank for the loans. The Bank, in anticipation of selling the NSP lot, had it surveyed in late 1994 and discovered the warehouse building on the St. Croix lot encroached upon the NSP lot. On June 5, 1995, the Bank filed an action against Brekke, d/b/a Brekke Limited Partnership, seeking to quiet title in the Bank to the NSP lot and seeking damages against Brekke for breach of warranties under the October 13, 1989 deed.

[¶ 4] After a hearing, the trial court entered written findings and an order for judgment. The court concluded the Partnership had acquired, through adverse possession, that part of the St. Croix warehouse building which encroaches upon the NSP lot and the land upon which it sits. The court quieted title to the building and the land in the Partnership. The court's findings and act of quieting title in the Partnership have not been challenged by the Bank.

[¶ 5] The court also found, however, that Brekke became personally aware in 1984 that the warehouse building on the St. Croix lot encroached upon the NSP lot but never advised the bank of the encroachment or of his action in 1986 in conveying the encroaching portion of the building to the Partnership. The court further determined the Bank was entitled to damages on equitable principles to avoid unjust enrichment to Brekke, personally. The court awarded damages to the Bank of $2,500 plus interest, reflecting the purchase price the Partnership paid Brekke for the encroaching building, the real estate taxes paid by the Bank on that portion of the NSP lot upon which the encroaching building is located, the reasonable cost to survey and plot the lot, interest, and reasonable costs and attorney fees of the litigation. These damages were awarded against Brekke, personally, not the Partnership, and Brekke filed this appeal from the judgment.

[¶ 6] On appeal, Brekke contends there is no legal basis for the court to award damages in favor of the Bank against him, in view of the court's conclusion the encroaching building and land upon which it is located is legally and rightfully owned by the Partnership through adverse possession.

[¶ 7] To acquire ownership of property by adverse possession the property of another must be held by open and hostile possession for a specific time. *Benson v. Taralseth,* 382 N.W.2d 649, 652 (N.D.1986). Under N.D.C.C. § 28–01–04 the required period is twenty years. Under N.D.C.C. § 47–06–03 one can acquire title by adverse possession after ten years if the possession is under color of title coupled with the payment of taxes. A deed constitutes color of title only as to the land described in it, and land occupied under the mistaken belief it is encompassed in the deed does not confer adverse possession under color of title. 16 *Powell on Real Property,* § 1013[2][g] (1999); *see also* III *American Law of Property,* § 15.11 (1952). Adverse possession may be asserted where there has occurred an encroachment over a boundary line, whether or not the encroachment is the result of an intentional action. 16 *Powell on Real Property,* § 1012[3] (1999).

[¶ 8] The trial court found the Partnership acquired title under N.D.C.C. § 47–06–03, by adversely possessing the encroached property of the NSP lot under color of title for ten years. Neither party

has challenged that determination by the trial court. Consequently, the Partnership owns the entire building and land upon which it is situated by its open and notorious possession of it for the requisite statutory period. Brekke's knowledge and conduct regarding the encroachment of the building is not relevant to the Partnership's ownership by adverse possession and provides no basis upon equity principles to award damages to the Bank for its loss of the property to the Partnership. The Bank has not cited any authority for awarding damages to a landowner against whom property has been taken by adverse possession. The effect of acquiring title by adverse possession is to bar the remedy of ejectment and to take away all other remedy, right, and title of the former owner. III *American Law of Property,* § 15.14 (1952). We hold the trial court's award of damages on equitable principles is not in accord with the law. The Bank pled, however, another ground for seeking damages against Brekke, personally, which, we conclude, provides a valid basis for the court's damage award. When the trial court errs, we will not set aside a correct result merely because the trial court assigned an incorrect reason if the result is the same under the correct law and reasoning. *Almont Lumber & Equip., Co. v. Dirk,* 1998 ND 187, ¶ 10, 585 N.W.2d 798.

■ [¶ 9] In its complaint, the Bank also contended it is entitled to damages against Brekke, personally, for the breach of warranties contained in the October 13, 1989 deed, which provides, in relevant part:

[G]rantors [Duane U. Brekke and Jeanne M. Brekke] do hereby GRANT all of the interest of the grantors to the grantee [the Bank] all of the following real property . . .

  Northern States Power Site, City

  An addition to the City of Minot

And the said grantors, for themselves, their heirs, assigns and personal representatives, do covenant with the grantee, to warrant and defend the title to the

premises hereby conveyed against the claim of every person whatsoevr [sic] claiming by, through, or under grantors, with the exception of a mortgage on the premises owned and held by the grantee.

The deed language purports to grant to the Bank only "all of the interest" of Duane and Jeanne Brekke in the NSP lot. These are words of quitclaim as explained in IV *American Law of Property,* § 17.16 (1952):

If the deed merely purports to release and quitclaim whatever right, title, or interest the grantor may have in the land without warranty or habendum clause, it has of course the effect of a quitclaim deed. The addition of such a phrase as "give, grant, bargain, and sell" will not change the significance.

[¶ 10] N.D.C.C. § 47–10–19 declares "the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed," implies a covenant that the grantor has not conveyed the property or any interest therein to any other person and that the property is free of encumbrances by the grantor or any person claiming under him. The deed Brekke gave the Bank does not purport to convey a "fee simple" interest, but only whatever interest the grantor had, so there is at least an ambiguity whether the statute applies. It is an ambiguity we need not resolve, however, because the deed also contains an express warranty which applies and is dispositive of the issue of Brekke's personal liability to the Bank.

■ [¶ 11] The deed covenants "to warrant and defend" the title to the property against claims of persons "claiming by, through, or under" Duane and Jeanne Brekke. This is the language of a special warranty deed, as explained in 14 *Powell on Real Property* § 81A.03[1]:

A deed in which covenants are limited to defects which arise by, through, or under the actions of the grantor is known as a special warranty deed. Under this

limited form of warranty, recovery is available only if the defect arises because of the acts of the grantor.

Our court recognized this language of a special warranty deed in *Stracka v. Peterson*, 377 N.W.2d 580, 583 n. 6 (N.D.1985):

A special warranty deed warrants title only against claims held by, through, or under the grantor, or against encumbrances made or suffered by her, and it cannot be held to warrant title generally against all persons. Therefore, under a special warranty deed a grantor is liable if the grantee's ownership is disturbed by some claim arising through an act of the grantor.

*See also Aure v. Mackoff*, 93 N.W.2d 807, 811 (N.D.1958) (a quitclaim deed may contain a special warranty of title against claims by, under, or through the grantor).

[¶ 12] The primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor, and deeds are construed in the same manner as contracts. *Williams Co. v. Hamilton*, 427 N.W.2d 822, 823 (N.D.1988). Whether a contract is ambiguous is a question of law. *Reed v. University of North Dakota*, 1999 ND 25, ¶ 22, 589 N.W.2d 880. If a deed is unambiguous, we determine the intent of the parties from the instrument itself. *Stracka*, 377 N.W.2d at 582.

[¶ 13] We conclude the special warranty provision in the 1989 deed is clear and unambiguous. Brekke warranted title to the Bank against any claims against title "by, through, or under" himself. To determine if this warranty was breached we must look at the court's conclusion about the Partnership's adverse possession claim.

[¶ 14] To acquire ownership of property under N.D.C.C. § 47–06–03, as the trial court found the Partnership had done, one must assert a title to the property, pay taxes on the property, and have "actual open adverse and undisputed possession" of the property for the requisite ten years. *See Sickler v. Pope*, 326 N.W.2d 86, 91

(N.D.1982); *see also Tavis v. Higgins*, 157 N.W.2d 718, 719 (N.D.1968). The only "title" instrument under which the Partnership could make an adverse possession claim under this statute is the unrecorded purchase memorandum the Partnership received from Brekke on August 30, 1986. Consequently, the Partnership's ownership claim of the encroached portion of the NSP lot is "by, through, or under" Duane Brekke. We, therefore, conclude, as a matter of law, the Partnership's adverse possession claim against the Bank's title constituted a breach of Brekke's special warranty against claims against title by, under, or through himself. This breach provides the legal basis for the court's award of damages to the Bank.

[¶ 15] In awarding damages, the trial court included an award of attorney fees. On appeal, Brekke asserts there is no legal basis upon which the court can award attorney fees in this case. In the absence of any contractual or statutory liability, attorney fees incurred by a plaintiff in litigation are not recoverable as an item of damages. *Nord v. Herrman*, 1998 ND 91, ¶ 27, 577 N.W.2d 782. The Bank has not shown there is any legal or contractual basis for awarding attorney fees, and we, therefore, eliminate the attorney fee award as part of the damages.

[¶ 16] The court's award of damages also included interest "at the legal rate of 6% from April 1, 1986, until date of judgment." On appeal, Brekke explains the Bank did not receive the property until October 13, 1989 and could not, therefore, have been "damaged" prior to that time. Brekke requests the judgment be modified to provide interest commencing on October 13, 1989. The Bank has not offered persuasive argument or authority for its right to receive interest on the awarded damages prior to October 13, 1989. We, therefore, order the judgment modified, as requested by Brekke, for interest to commence on October 13, 1989.

[¶ 17] Affirmed, as modified.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.