Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 60

Virginia Carkuff, Greg Carkuff, Mercedes Carkuff,

Joy Krush and Valerie Carkuff-Lommen, Plaintiffs and Appellants

v.

Jeffrey Balmer, Laurie Balmer, Mike L. McAlmond,

Carolyn McAlmond, Jeff K. McAlmond, Angela S.

McAlmond, Elaine Collins, Sharon Horne Woodmansee,

Joann Sutton, John F. Sutton, Scott J. McAlmond,

Ivalee McAlmond, Randall W. McAlmond, Melissa A.

McAlmond, Linda Horne, Kent J. Horne, Janice J.

Horne and Richard R. Balmer; and all other persons

unknown who have or claim an interest in the property 

described in the Complaint, Defendants and Appellees

No. 20100099

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable William W. McLees, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Malcolm H. Brown, P.O. Box 2692, Bismarck, N.D. 58502-2692, for plaintiffs and appellants.

Scott Marlin Knudsvig (argued) and Matthew Howard Olson (on brief), P.O. Box 1000, Minot, N.D. 58702-1000, for defendants and appellees.

Carkuff v. Balmer

No. 20100099

Maring, Justice.

[¶1] 
Virginia Carkuff, Greg Carkuff, Mercedes Carkuff, Joy Krush and Valerie Carkuff-Lommen (“Carkuffs”) appeal from a summary judgment quieting title to minerals in certain real property in the defendants (“Balmers”) and holding the Carkuffs had no interest in mineral rights in the land.  
We affirm, construing the relevant October 20, 1953, deed as a quitclaim deed which does not pass after-

acquired title.

I

[¶2] Numerous conveyances between family members in the 1950s and 1960s led to this title dispute between the Carkuffs and the Balmers.  Alice Carkuff had one son and four daughters.  Her son, James Carkuff, is the predecessor in interest to the Carkuffs, and her daughters, Alta Quinn, June McAlmond, Genevieve Balmer, and Leila Horne, are the predecessors in interest to the Balmers.  

[¶3] On June 11, 1953, Alice Carkuff executed a “mineral” deed granting “an undivided entire (100%) interest” in and to all of the oil, gas, casinghead gas, casinghead gasoline, and other minerals in and under the land in Mountrail County to Alta Quinn, June McAlmond, Genevieve Balmer, and Leila Horne.  The same day Alice Carkuff also executed a “quitclaim” deed, granting only the surface rights of the land to James Carkuff.  Both the mineral deed and the quitclaim deed were recorded on October 25, 1955.  Meanwhile, on October 20, 1953, Alice Carkuff executed a quitclaim deed to James Carkuff for the property, which was recorded on February 1, 1954.  

[¶4] On June 13, 1958, James Carkuff executed a deed conveying the “surface rights only” of the property back to his mother Alice Carkuff, and this deed was recorded on June 16, 1958.  Also on June 13, 1958, Alice Carkuff executed a deed conveying the “surface rights only” of the property back to James Carkuff, which was later recorded on December 22, 1965.  On May 4, 1959, by four separate quitclaim deeds, Alta Quinn, June McAlmond, Genevieve Balmer and Leila Horne, and their husbands, conveyed the mineral interests in the property back to Alice Carkuff.  These four deeds were recorded on December 14, 1959.  On April 18, 1963, Alice Carkuff again transferred the interest in the mineral rights of the property by quitclaim deed back to Genevieve Balmer, Leila Horne, Alta Quinn and June McAlmond.  This deed was recorded on December 22, 1965.

[¶5] In 2008, the Carkuffs sued to quiet title in the oil, gas, and other minerals in the land.  In 2009, the Balmers and the Carkuffs filed cross-motions for summary judgment.  After a hearing, the district court granted the Balmers’ motion, quieting title to the mineral rights in the land in the Balmers, concluding the Carkuffs did not have an interest in the minerals under the doctrine of after-acquired title.  The district court held that the Carkuffs could not rely on the doctrine of after-acquired title to claim record title ownership of the minerals under the land because the doctrine did not apply in the context of quitclaim deeds.  The court said the Carkuffs could not claim title to the minerals underlying the property under the October 20, 1953, quitclaim deed, in which Alice Carkuff conveyed all of her “right, title and interest” in the property to James Carkuff.  The court reasoned that this quitclaim deed did not purport to convey the “property itself,” but only Alice Carkuff’s “right, title and interest (if any) therein.”  The court therefore held the deed did not have implied covenants annexed to it under the law, and it was not a grant and any after-acquired title did not pass by operation of law to James Carkuff or his successors in interest, the Carkuff plaintiffs, when Alice Carkuff’s four daughters conveyed all of their right, title and interest in the minerals under the property back to their mother on May 4, 1959.

II

[¶6] Summary judgment under N.D.R.Civ.P. 56 is a procedural device to promptly and expeditiously dispose of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that resolution of factual disputes will not alter the result.  
See
 
Miller v. Kloeckner
, 1999 ND 190, ¶ 5, 600 N.W.2d 881; 
Nygaard v. Continental Resources, Inc.
, 1999 ND 172, ¶ 7, 598 N.W.2d 851.  On appeal, questions of law are fully reviewable.  
Miller
, at ¶ 5; 
Ennis v. City of Ray
, 1999 ND 104, ¶ 5, 595 N.W.2d 305.

III

[¶7] The Carkuffs argue that use of the term “grant” in the October 20, 1953, quitclaim deed executed by Alice Carkuff to James Carkuff passed after-acquired title.  The Carkuffs contend that, based on the doctrine of after-acquired title, the October 20, 1953, quitclaim deed and the deeds from the daughters executed May 4, 1959, to Alice Carkuff, resulted in James Carkuff owning the minerals underlying the property.  The Balmers, however, argue the district court properly decided the October 20, 1953, quitclaim deed, which included the word “grant,” did not pass after-acquired title.

[¶8] In construing a deed, the primary purpose is “to ascertain and effectuate the grantor’s intent, and deeds are construed in the same manner as contracts.”  
State Bank & Trust of Kenmare v. Brekke
, 1999 ND 212, ¶ 12, 602 N.W.2d 681; 
see
 
Williams Co. v. Hamilton
, 427 N.W.2d 822, 823 (N.D.1988).  If a deed is unambiguous, this Court determines the parties’ intent from the instrument itself.  
See
 
Brekke
, at ¶ 12; 
Stracka v. Peterson
, 377 N.W.2d 580, 582 (N.D.1985).  In other words, “[t]he language of the deed, if clear and explicit, governs its interpretation; the parties’ mutual intentions must be ascertained from the four corners of the deed, if possible.”  
North Shore, Inc. v. Wakefield
, 530 N.W.2d 297, 300 (N.D. 1995); 
see
 N.D.C.C. §§ 9-07-02, 9-07-03, 9-07-04, 47-09-11.  Whether or not a contract is ambiguous is a question of law.  
Brekke
, at ¶ 12.  

[¶9] The after-acquired title doctrine “is one under which title to land acquired by a grantor who previously attempted to convey title to the same land which he did not then own inures automatically to the benefit of his prior grantee.”  
Torgerson v. Rose
, 339 N.W.2d 79, 82 (N.D. 1983) (quotation omitted).  Section 47-10-15, N.D.C.C., codified the doctrine of after-acquired title, stating:

When a person purports by proper instrument to grant real property in fee simple and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or the grantee’s successors.

 

[¶10] Generally, however, a quitclaim deed conveys only the grantor’s interest or title, if any, in property, rather than the property itself.  
See
 
North Dakota Workers Comp. Bur. v. General Inv. Corp.
, 2000 ND 196, ¶ 12, 619 N.W.2d 863 (citing 
In re Kuether
, 158 B.R. 151, 153 (Bankr. D. N.D. 1993); 
Bilby v. Wire
, 77 N.W.2d 882, 888 (N.D. 1956); 
Frandson v. Casey
, 73 N.W.2d 436, 437 (N.D. 1955)).  “If a deed purports and is intended to convey only the right, title, and interest in the land, as distinguished from the land itself, it is a quitclaim deed; if it appears that the intention was to convey the land itself, then it is not a quitclaim deed, although it may possess characteristics peculiar to such deeds.”  23 Am. Jur. 2d 
Deeds
 § 223 (2002).  In 
Schuman v. McLain
, 61 P.2d 226, 227-28 (Okla. 1936), the court explained:

At common law a quitclaim deed did not rise to the dignity of a conveyance, but was merely a release.  Under American jurisprudence, whether pursuant to statutory enactment or not, quitclaim deeds have become generally recognized as instruments of conveyance, but conveying only such interest as the grantor may have, if any.  Such instruments have a definite legal meaning in American jurisprudence as distinguished from deeds of warranty.  The language of such deeds, and particularly the deed in question, is simple and explicit to the effect that grantor conveys only his right, title, and interest, whatever that may be.  The specific words are:  “Does hereby quitclaim, grant, bargain, sell and convey unto said party of the second part, and to his heirs, executors, and assigns, forever all his right, title, interest and estate. * * *”

 

“‘The use of a quitclaim deed can be regarded as notice to the purchaser that there may be outstanding equities against the grantor’s title.’”  
General Inv. Corp.
, at ¶ 12 (quoting 14 
Powell on Real Property
 § 81A.03(1)(c) (2000)).  

[¶11] In 
Bilby
, 77 N.W.2d at 888, this Court also explained:

After-acquired title by the grantor will not, as a general rule, inure to the benefit of the grantee under a quitclaim deed.  26 C.J.S., 
Deeds
, § 118, p. 416; 
State v. Kemmerer
, 14 S.D. 169, 84 N.W.2d 771, 773.  In that case the court said: 

“It [referring to the quitclaim deed] does not purport to convey the property, but only the grantor’s right, title, and interest therein.  Such a deed, therefore, does not have annexed to it, under the statute, implied covenants, and an after-acquired title does not pass by operation of law to the grantee or his successors.”

. . . .

The quitclaim deed here in question does not purport to convey the property; it is not a grant in any sense.

In a long line of decisions it has been held that a quitclaim deed of all the right, title and interest of the grantor, purports to convey, and does convey, no more than the present interest of the grantor, and does not operate to pass an interest after-acquired.  The grantor under such deed will not be estopped from asserting an after-acquired title.  44 A.L.R. 1276; 162 A.L.R. 556, 566.

 

See also
 
Aure v. Mackoff
, 93 N.W.2d 807, 810-11 (N.D. 1958) (stating section 47-

1015, N.D.R.C. (1943) [
see now
 N.D.C.C. § 47-10-15], inapplicable to quitclaim deeds; and citing 
Bilby
, 77 N.W.2d 882; and 
Kemmerer
, 14 S.D. 169, 84 N.W. 771 (1900)).  Instructively, in discussing the effect of using particular operative words and phrases, 23 Am. Jur. 2d 
Deeds
 § 225 (2002) provides:  

In determining whether a quitclaim has been created, 
operative words of grant or release are subordinated to words defining or restricting the interest granted
.  When the entire instrument reveals an intention to convey the land itself or some definite interest therein, it is not a quitclaim merely because of the use of the word “quitclaim,” or the operative words “remise, release, and quitclaim,” unaccompanied by words of grant.  Nevertheless, such operative words used alone are significant factors; and 
where only the grantor’s right, title, or interest is quitclaimed, such operative words are conclusive that the instrument is a quitclaim
.

Similarly, the intention of the parties so controls that 
the use of the term “grant” does not necessarily designate the character of a deed, but whether an instrument is a quitclaim deed
 or a deed of grant, bargain, and sale that purports to convey the property itself 
is to be determined from the whole of the granting clause contained in the deed
.

 

(Footnotes omitted and emphasis added.)

[¶12] Here, the crux of the Carkuffs’ argument is that mere use of the word “grant” transformed Alice Carkuff’s October 20, 1953, quitclaim deed to James Carkuff, and conveyed more than Alice Carkuff’s “right, title and interest” in the property—i.e., a fee simple title—so as also to pass after-acquired property rights to the mineral interests when the daughters conveyed their interests back to their mother in the May 4, 1959, quitclaim deeds.  The Carkuffs assert that under N.D.C.C. § 47-10-19, using the term “grant” implies certain covenants, including that the grantor has no prohibition to a grant of fee simple and that the grantor has not previously conveyed the same estate.  The Carkuffs further assert using “grant” in a deed that releases and quitclaims all the right, title and interest, or other words to that effect, makes such a deed one by which after-acquired title passes.

[¶13] The October 20, 1953, deed is plainly labeled a quitclaim deed and is on a printed form.  The form states, in relevant part, that Alice Carkuff “does by these presents GRANT, BARGAIN, SELL, REMISE, RELEASE and QUIT-CLAIM unto [James Carkuff], and to his heirs and assigns, FOREVER, all 
the right, title and interest in and to
 the” subject property.  (Emphasis added.)  Although the deed uses the term “grant,” it does so in reference to Alice Carkuff’s “right, title and interest” in the property, rather than specifically “grant[ing]” the entire fee, i.e. the property itself, to James Carkuff.  The parties here do not assert that the deed is ambiguous.  Therefore, proper consideration of the deed looks to the entire document, rather than focusing on the single word “grant.”  
See
 23 Am. Jur. 2d 
Deeds
 § 225, 
supra
.  For example, in 
Kemmerer
, 84 N.W. at 772 (emphasis added), the South Dakota Supreme Court, construing statutes similar to ours, stated:

It is true that the word “grant” is used in the conveyance, but it is qualified by the terms “remise, release, and quitclaim,” as well as by the words “right, title, estate, interest, property, and equity in and to the following real property.”  It will be noticed that by section 3249 it is provided that, from the “use of the word ‘grant’ in any conveyance by which an estate of inheritance or fee simple is to be passed,” certain covenants are implied, and that by subdivision 4 of section 3254 it is provided that where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title thereto, the same passes by operation of law to the grantee.  It is not sufficient, therefore, that the instrument contain the word “grant,” but it must purport to convey the property itself in fee simple.  This the deed in controversy in this case does not purport to do.  Upon its face it only purports to quitclaim to the state the right, title, and interest that the defendant had in the property, and contains no covenant of warranty.

 

[¶14] Here, considering the deed on its face as a whole to determine the parties’ intent, and subordinating operative words of grant or release to words defining or restricting the interest granted, we construe the deed as a quitclaim deed.  We reject the Carkuffs’ assertion that use of the word “grant” transforms the entire deed so as to also pass after-acquired title.  We therefore affirm the district court’s decision regarding the effect of the October 20, 1953, deed, concluding the quitclaim deed did not pass after-acquired title.

IV

[¶15] The district court judgment is affirmed.

[¶16] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.