Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 47

Winnie Development LLLP, Plaintiff and Appellant

v.

Jeffrey C. Reveling, Josh Pretzer, 

Danielle Pretzer, Paul Steven Wyum, Britni

Dale Wyum, Bryan Stein, The City of Horace,

and all other persons unknown claiming any

estate or interest in, or lien or encumbrance

upon, the property described in the complaint,        Defendants

and

Benjamin B. Hendricks and Stephanie L. Hendricks, Defendants and Appellees

No. 20170149

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Lynn M. Mesteth, Fargo, ND, for plaintiff and appellant.

Jacob C. Hendricks, Minneapolis, MN, for defendants and appellees Benjamin B. Hendricks and Stephanie L. Hendricks.

Winnie Development, LLLP, v. Reveling, et al.

No. 20170149

Crothers, Justice.

[¶1] Winnie Development, LLLP appeals from a district court judgment holding it has no interest in a parcel of land in the City of Horace.  Winnie argues it has a legal interest allowing access to its property adjacent to the disputed parcel.  We reverse and remand to the district court for entry of judgment, providing that Winnie holds fee title to the disputed parcel subject to the City’s access rights.

I

[¶2] Carroll and Mary Lou Orth owned certain real property in Cass County and in 1979 platted the Orth-Golberg Second Addition to the City of Horace.  The Horace City Council approved the plat on June 4, 1979 and recorded it on July 2, 1979.  Block 1, Lot 14 (“Parcel 1”) of the subdivision is labeled on the plat as “City Dike Access.”  Parcel 1 is a 20-foot wide lot extending from a road on its east side to the west edge of the subdivision.  The Dedication of the plat does not mention Parcel 1.  By comparison, a park identified on the plat as Block 2, Lot 14 includes a specific dedication for “the use of the public.”  Parcel 1 was not on Cass County property tax rolls until Winnie sought and obtained a quitclaim deed from Mary Lou Orth in 2014.

[¶3] This litigation arose after Winnie sought access over Parcel 1 to reach an adjacent 1.6-acre piece of land (“Parcel 2”).  Parcel 2 is not in the Orth-Golberg Second Addition.  It lies between the Sheyenne River and several other privately owned lots in the subdivision.  Parcel 2 can be accessed only via Parcel 1, crossing the Sheyenne River or crossing privately owned property in the subdivision.  Winnie brought this action to quiet title in Winnie to both Parcel 1 and Parcel 2, to declare an easement by necessity in Winnie’s favor over Parcel 1, or to reform the plat and declare Parcel 1 dedicated to the public subject to access rights not inconsistent with the plat’s “City Dike Access.”

[¶4] Some defendants owning land in the vicinity of Parcel 1 made no answer to Winnie’s complaint.  One defendant answered but did not otherwise litigate the issues.  The district court ultimately entered judgment barring these defendants from further claiming any interest in Parcel 1.  Stephanie and Benjamin Hendricks own the property immediately south of Parcel 1.  The Hendricks counterclaimed against Winnie, arguing they owned all or part of Parcel 1 and Winnie was trespassing on their property by using Parcel 1 to access Parcel 2.  The district court rejected both of the Hendricks’s counterclaims.  None of the parties contests Winnie’s claim to Parcel 2, and the district court quieted title in Winnie to that property.

[¶5] The City of Horace also answered and counterclaimed, alleging it had an interest in Parcel 1 to access City dikes.  The district court subsequently granted the City’s motion for summary judgment, holding the City has a right to use Parcel 1 to access the City’s dikes regardless of ultimate disposition of the property.  The district court held:

“The property rights of the plaintiff and/or the other defendants in and to [Parcel 1] are subject to the right of the City of Horace to cross [Parcel 1] for the purpose of accessing City dikes.  

“The interest of the City of Horace, in and to [Parcel 1], shall be recognized in the final judgment in the above-entitled quiet title action, brought before the Court by Winnie Development LLLP.”

[¶6] The district court conducted a bench trial in November 2016.  The court found the designation of Parcel 1 as “City Dike Access” divested Mary Lou Orth of any title, and thus the quitclaim deed Winnie obtained from her in 2014 conveyed no interest.  The district court also found Winnie failed to meet its burden of proof establishing an easement by necessity, and found Winnie incorrectly claimed an easement over the land of a third party.  Judgment was entered in March of 2017 and Winnie timely appealed.

II

[¶7] Winnie argues the district court erred by finding the City of Horace is the only party with any interest in Parcel 1, by finding Winnie had no right in Parcel 1 to access Parcel 2, and by finding Winnie did not prove an easement by necessity.  The Hendricks are the only other party participating in the appeal and argue the district court did not err finding the plat transferred title and restricted the scope of the dedication for Parcel 1 to City dike access.

“The trial court’s findings of fact are subject to the clearly erroneous standard of review. . . . The trial court’s findings are not clearly erroneous if they have support in the evidence and we are not left with a definite and firm conviction a mistake has been made.  Whether the underlying facts support the existence of an implied easement is a question of law subject to de novo review.”

Griffeth v. Eid
, 1998 ND 38, ¶ 6, 573 N.W.2d 829 (citations omitted).  This Court interprets documents transferring real estate in the same manner as contracts.  N.D.C.C. §§ 47-09-01, -11.  Whether a document transferring real estate is ambiguous is a question of law, subject to de novo review.  
See State Bank & Trust of Kenmare v. Brekke
, 1999 ND 212, ¶ 12, 602 N.W.2d 681.

A

[¶8] Answering the question whether the district court erred in limiting the use of Parcel 1 to City dike access requires a determination of the City’s interest in the property, which in this case requires examination of the law regulating dedications in the platting of real property.  As a general matter:

“Private land may be dedicated to public use in two ways, pursuant to statute and under the common law.  Two distinctions separate the different types of dedication.  First, the common law dedication operates by way of an equitable estoppel, whereas a statutory dedication operates by way of grant.  Second, a common law dedication usually creates a mere easement, whereas in a statutory dedication the fee of the property is in the public.”

11A Eugene McQuillin, 
The Law of Municipal Corporations 
§ 33:5 (3d ed. Supp. 2017).  North Dakota has followed these general principles.  Dedication arises when a private landowner sets aside land for public use.  
Tibert v. City of Minto
, 2004 ND 97, ¶ 13, 679 N.W.2d 440 (citing 
Brown v. Bd. of Cty. Comm’rs for Pennington Cty.
, 422 N.W.2d 440, 442 (S.D. 1988)).  Dedication may be express or implied, and may be established statutorily or by common law.  
Tibert
, ¶ 13 (citing 
Cole v. Minnesota Loan & Trust Co.
, 17 N.D. 409, 117 N.W. 354, 357 (1908)).  “A statutory dedication is ‘in the nature of a grant,’ while a common-law dedication ‘rests upon the principles of estoppel in pais.’” 
 Tibert
, at ¶ 13 (citing 
Cole
, at 357).

“Statutory dedications are those made pursuant to the provisions of a statute.  However, they are not exclusive of the common-law method. 

. . . . 

“In order to make a statutory dedication of land, the procedures outlined in the applicable laws must be carefully followed, although there is authority to the contrary.”

McQuillin
,
 § 33:4 (footnotes omitted) (3d. ed. 2009).

“A statutory dedication is made pursuant to the terms of a statute, and is almost universally created by the filing and recording of a plat. 

. . . .

“Statutory dedication generally vests the legal title to the grounds set apart for public purposes in the municipal corporation, while the common-law method leaves the legal title in the original owner. 

. . . .

“The authorization of statutory dedication does not in any way restrict the common-law power of the owner to devote his or her land, or some easement therein, to public use.  Therefore, a statutory dedication which is imperfectly made is often considered to be a valid common-law dedication.”

Id.
 § 33:3 (footnotes omitted).

B

[¶9] North Dakota provides specific requirements for dedication by plat.

“The plat shall contain a written instrument of dedication, which shall be signed and acknowledged by the owner of the land.  All signatures on the plat shall be written with black ink (not ball point).  The instrument of dedication shall contain a full and accurate description of the land platted.  The surveyor shall certify on the plat that the plat is a correct representation of the survey, that all distances are correct and monuments are placed in the ground as shown, that the outside boundary lines are correctly designated on the plat.  The certificate shall be sworn to before any officer authorized to administer an oath.  The plat shall be presented for approval to the governing body affected by such plat together with a title opinion stating the name of the owner of record.

“Every plat, when duly certified, signed, and acknowledged, shall be filed and recorded in the office of the county register of deeds.  No plat shall be recorded until it is approved by the governing body affected by the plat and a certificate evidencing such approval is presented to the register of deeds.”

N.D.C.C. § 40-50-04, 
repealed by 
H.B. 1342, 1987 N.D. Sess. Laws ch. 501, § 20; 
see 
N.D.C.C. §40-50.1-03 (re-codifying N.D.C.C. § 40-50-04).  In 1979 the effective date of legislation without an emergency clause was July 1 of the year it passed.  N.D. Const. art. IV, § 41, 
amended by 
H.C.R. 3016, 1991 N.D. Sess. Laws ch. 756. 

[¶10] Here, the Dedication in the plat does not mention Parcel 1, either as Block 1, Lot 14 or “City Dike Access.”  By comparison, the plat expressly states, “We hereby dedicate forever all streets and park as shown on said plat to the use of the public.” Under the statute in effect on and after July 1, 1979, dedication requires “a full and accurate description of the land platted.”  N.D.C.C. § 40-50-04 (1979); 
see
 N.D.C.C. § 40-50.1-03.  The failure to include in the Orth-Golberg Second Addition plat’s Dedication the words “Lot 1, Block 14,” “City Dike Access” or other words describing Parcel 1 precluded a valid statutory dedication due to the lack of a legally accurate description.  Thus, under N.D.C.C. § 40-50-04 (1979), fee simple title to Parcel 1 did not vest in the City of Horace.

C

[¶11] Winnie argues that if a statutory dedication was not effective, a common-law implied dedication exists allowing concurrent use of Parcel 1 to access Parcel 2.  We agree.  “[A] statutory dedication which is imperfectly made is often considered to be a valid common-law dedication.”  11A Eugene McQuillin, 
The Law of Municipal Corporations
, § 33:3 (3d ed. 2009).  “There is no particular form or ceremony necessary in the dedication of land to public use.  All that is required is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation.”  
City of Cincinnati v. White’s Lessee
, 31 U.S. 431, 440 (1832).  “All public dedications must be considered with reference to the use for which they are made.”  
Id.
 at 438.  This Court has recognized common-law dedication in North Dakota:

“The property interest conveyed through a common-law dedication is an easement.

. . .

“Common-law dedication requires, (1) an intention to dedicate and, (2) public acceptance of the dedication. . . .

“A common-law dedication must be proven by clear and convincing evidence.  The proponent of the dedication bears the burden of proof.

“Whether a common-law dedication has been made is a question of fact, and the trial court’s determination will not be reversed unless it is clearly erroneous.”

Tibert
, 2004 ND 97, ¶¶ 14-17, 679 N.W.2d 440 (citations omitted).

[¶12] As a general rule, common-law dedication transfers the least interest necessary to effectuate the stated purpose.  
See, e.g., Carson City v. Capital City Entm’t, Inc., 
49 P.3d 632, 635-36 (Nev. 2002) (“Under a common-law dedication . . . the fee of land dedicated for a street remains in the owner, subject to a public easement in the land, which is vested in the municipality.”); 
Town of Moorcroft v. Lang
, 779 P.2d 1180, 1183 (Wyo. 1989) (“A common law dedication does not affect the title to the fee. . . . The dedication, however, creates a surface easement. . .”).

“An owner of land who dedicates it to the public generally retains the ownership of the fee and grants only an easement.  Therefore, the owner can continue to use the property in any way he or she sees fit so long as the use is not inconsistent with the public use for which the property was dedicated.”

McQuillin, § 33:70 (footnotes omitted).

[¶13] Here, the district court found a dedication was made, which is a finding of fact subject to the clearly erroneous standard of review.  
See Tibert, 
2004 ND 97, ¶ 17, 679 N.W.2d 440.  The district court did not make specific findings on intent or what property interest the City of Horace accepted.  
See Cole
, 17 N.D. 409, 420, 117 N.W. at 358.  The language on the plat map indicates an intent to grant a right of access for the City in Parcel 1, and the district court specifically found the City used Parcel 1 for dike access since 1979.  Use by the public for the intended purpose suffices to constitute acceptance of a dedication.  
Id.
 at 424-25, 117 N.W. at 360.  Thus, Parcel 1 meets the requirements for common-law dedication to the City of Horace.

[¶14] The interest transferred by the common-law dedication of Parcel 1 was an easement to the City for dike access, while the original grantor retained the fee.  
See Tibert
, 2004 ND 97, ¶ 14, 679 N.W.2d 440.  Winnie obtained a quitclaim deed in 2014 from the original grantor, Mary Lou Orth.  Therefore, Winnie now holds fee title to Parcel 1, subject to the City’s easement for dike access.  The legal result is that Winnie, as fee owner, may use Parcel 1 in ways not inconsistent with the City’s easement.

III

[¶15] We reverse the judgment and remand to the district court for entry of judgment providing that Winnie holds fee title to the disputed parcel subject to the City of Horace’s dike access.

[¶16] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.