1999 ND 190

Eugene MILLER and JoAnn M. Miller, Plaintiffs and Appellees,

v.

Frank KLOECKNER, Mary Kloeckner, Defendants,

Anna Hron, Lorna Mayo, Jim Mayo, Robert Hadley, Jeffrey James Hadley, Joseph Edward Hadley, John Carl Hadley, Justin Dean Hadley, Jarrett Raymond Hadley, and Ann M. Gilsdorf, Defendants and Appellants,

Cody Oil and Gas Corporation, Meridian Oil, Inc., and all persons known or unknown having or claiming any right, title, estate or interest in or lien or encumbrance upon the real property described in the Complaint, whether as heirs, devisees, legatees or Personal Representatives of the aforementioned parties or as holding any claim adverse to Plaintiffs' ownership or any cloud upon Plaintiffs' title thereto, Defendants,

M.A. Kloeckner and Sheryl Ann Kloeckner, Intervenors.

No. 990128.

Supreme Court of North Dakota.

Oct. 20, 1999.

Steven J. Wild, Sadowsky & Wild Law Office, Bowman, for plaintiffs and appellees.

Scott J. McDonald, McDonald Law Office, Bowman, for defendants and appellants.

MARING, Justice.

[¶ 1] Anna Hron, Lorna Mayo, Jim Mayo, Robert Hadley, Jeffrey James Hadley, Joseph Edward Hadley, John Carl Hadley, Justin Dean Hadley, Jarret Raymond Hadley, and Ann M. Gilsdorf (collectively referred to as "Hron") have appealed a judgment quieting title to a one-half mineral estate in a 160–acre tract of land in Eugene and JoAnn M. Miller. We conclude Hron has no interest in the mineral estate, and we affirm.

[¶ 2] In 1920, Frank Kloeckner and Mary Kloeckner conveyed by warranty deed the surface and one-half of the mineral estate in a 160–acre tract of land to Carl Michalak. In 1928, Carl Michalak conveyed by warranty deed his interest subject to a reservation of the rights of Kloeckners to Joseph Michalak. In 1943, Joseph Michalak conveyed by quit claim deed his interest to W.V. Hron. In 1948, W.V. Hron, who then owned the entire surface estate and one-half of the mineral estate in the subject tract, conveyed his interest to Benjamin Huether through a deed providing, in part:

WITNESSETH, That [W.V. Hron] ... does hereby GRANT, BARGAIN, SELL AND CONVEY unto [Benjamin Huether] his heirs and assigns, FOREVER, all that tract ..., to-wit:

the Southwest quarter ... [Hron] reserves, however, to himself his heirs, successors and assigns fifty (50) per cent of all the oil, gas, and mineral rights contained in said land.

TO HAVE AND TO HOLD the premises hereby conveyed, ..., FOREVER, the said W.V. Hron grantor, hereby covenanting to and with the said Benjamin Huether grantee, ..., to warrant and defend the title to the premises hereby conveyed against the claim of every person whatsoever, claiming by, through or under the said grantor W.V. Hron, subject, however, to said reservation of oil, gas and mineral rights.

[¶ 3] Millers, who are successors to the interest of Benjamin Huether, brought a quiet title action alleging they "have an undivided 100% interest in and to certain oil, gas and mineral interests" in the land. A partial summary judgment was entered, quieting title to 50% of the oil, gas, and other minerals in M.A. Kloeckner, Valery John Kloeckner, Patricia Ann Dragos, and Donna Louise Kloeckner, as successors to Frank Kloeckner and Mary Kloeckner.

[¶ 4] Millers moved for summary judgment against Hron, as successors and assigns of W.V. Hron. Hron filed a counter motion for summary judgment. The trial court granted Millers' motion and denied Hron's motion, holding:

Despite the reservation in both the granting clause of the [W.V. Hron] deed [to Huether] and the warranty clause of the deed, the "Duhig" rule applies to this conveyance and reservation. The reservation by [W.V.] Hron was ineffective, thus Hron warranted to Huether the surface and one-half (½) of the minerals.

The court concluded Millers owned an undivided 50% interest in the oil, gas, and other minerals, free of any claim by Hron. A partial summary judgment was entered in favor of Millers, and the two partial summary judgments were incorporated in one final judgment. Hron appealed.

[¶ 5] Summary judgment is a procedural device to promptly and expeditiously dispose of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that resolution of factual disputes will not alter the result. *Nygaard v. Continental Resources, Inc.*, 1999 ND 172, ¶ 7, 598 N.W.2d 851. Questions of law are fully reviewable. *Ennis v. City of Ray*, 1999 ND 104, ¶ 5, 595 N.W.2d 305.

[¶ 6] Hron contends the trial court correctly concluded W.V. Hron intended to reserve 50% of oil, gas and other minerals in the land, and contends that intent is controlling. The trial court addressed W.V. Hron's intent in its memorandum opinion:

The answering defendants have attached as exhibit "D" to their brief described above certain correspondence dated June 15, 1948, from the closing agent of the land sale. The answering defendants argue that this letter further supports their contention that the parties intended to reserve or except to W.V. Hron 50% of the mineral rights. This argument is without merit. The letter is between W.V. Hron and Theodore Swendseid who handled the closing of the sale. The intent of W.V. Hron to reserve 50% of the minerals is already evident from the deed itself and this letter adds nothing. The letter makes no mention of any prior mineral reservation or of any intention to convey no mineral rights to Benjamin Huether.

The deed purported to convey minerals to Huether and to reserve minerals to W.V. Hron. However, as the trial court recognized, the intent of the parties can be ascertained by the language alone used in the deed from W.V. Hron to Huether.

[¶ 7] The trial court applied what is commonly called the *Duhig* rule, and held W.V. Hron's attempted reservation was ineffective. Hron contends the trial court erred in applying the *Duhig* rule when there was a reservation or exception in both the granting and the warranty claus-

es of a special warranty deed. In *Duhig*, W.J. Duhig acquired a tract of land, subject to a reservation by the grantor of an undivided one-half interest in the minerals. Duhig conveyed the property through a warranty deed, stating in the last paragraph: "But it is expressly agreed and stipulated that the grantor herein retains an undivided one-half interest in and to all mineral rights or minerals of whatever description in the land." *Duhig v. Peavy–Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878, 879 (1940). The court determined the reservation was not effective.

[¶ 8] Commissioner Smedley, who authored the opinion for the Supreme Court of Texas, wrote:

> The writer believes ... the language of the deed as a whole does not clearly and plainly disclose the intention of the parties that there be reserved to the grantor Duhig an undivided one-half interest in the minerals in addition to that previously reserved ... and ... the intention of the parties to the deed was to invest the grantee with title to the surface and a one-half interest in the minerals, excepting or withholding from the operation of the conveyance only the one-half interest theretofore reserved in the deed ... to Duhig.

*Duhig*, 144 S.W.2d at 879–80. However, the majority of the court relied upon estoppel. The majority concluded Duhig reserved an undivided one-half interest in the minerals and conveyed only the surface, thereby breaching his warranty of the title to the surface and an undivided one-half interest in the minerals. Analogizing to the rule on after-acquired property, the majority held the grantor and those claiming under him were estopped from asserting title against the grantee and those claiming under the grantee. *Id.* at 880–81.

[¶ 9] "*Duhig* causes an undivided interest reserved by a grantor to pass under a deed to the extent necessary to give the grantee the undivided interest purported to be conveyed to him by the deed." 1 Patrick H. Martin & Bruce M. Kramer, *Williams & Meyers Oil and Gas Law* § 311, p. 582.3 (1998) (hereinafter, "*Williams & Meyers*"). See also 1 Eugene Kuntz, *Oil and Gas* § 14.5 (1987).

> The *Duhig* rule says that where a grantor conveys land in such a manner as to include 100% of the minerals, and then reserves to himself 50% of the minerals, the reservation is not operative where the grantor owns only 50% of the minerals. The deed is construed as undertaking the transfer of 50% of the minerals to the grantee. Both this grant and the reservation cannot be given effect, so the grantor loses because the risk of title loss is on him.

1 *Williams & Meyers*, at 580.39. Under *Duhig*, a grantee receives "that percentage or fractional interest in the land not reserved to the grantor, since the deed purports to deal with 100% of the minerals." 1 *Williams & Meyers*, at 580.47. We have had opportunities to consider and apply the *Duhig* rule.

[¶ 10] In *Kadrmas v. Sauvageau*, 188 N.W.2d 753 (N.D.1971), Sauvageaus owned the surface of a quarter-section of land and one-half of the minerals. They conveyed the land to Kadrmas by a warranty deed. The granting clause provided: "excepting and reserving unto the grantors One-half ( ½) of all oil, gas, Uranium and all other minerals." *Id.* at 754. The warranty portion contained no exception or reservation, but warranted title to all that the deed conveyed. *Id.* This court said "a general conveyance of land, without any exception or reservation of the minerals therein, carries with it the minerals as well as the surface." *Id.* at 755. Relying on *Duhig* and other authorities, this court said "the Sauvageaus could not convey and warrant, and reserve and retain, the same thing at the same time, but the warranty obligation is superior to the Sauvageau's reservation rights." *Id.* at 756. Our court said in Syllabus ¶ 1: "A warranty deed which describes the land conveyed, and excepts and reserves one-half of the minerals to the

grantors, conveys the surface and one-half of the minerals."

[¶ 11] In *Gilbertson v. Charlson,* 301 N.W.2d 144 (N.D.1981), this court declined to apply the *Duhig* rule when the grantee had actual notice of an outstanding mineral interest, because she owned that interest, and had at least constructive notice of another outstanding mineral interest that was of record.

[¶ 12] In *Sibert v. Kubas,* 357 N.W.2d 495, 497 (N.D.1984), this court again applied *Duhig* in accordance with *Kadrmas:*

It is undisputed that at the time of the conveyance Mary owned only one-half of the minerals. Consequently, it was impossible for her to both convey and reserve one-half of the minerals. The result, explained by the *Duhig* doctrine which this Court adopted in *Kadrmas v. Sauvageau,* 188 N.W.2d 753 (N.D.1971), is that Patricia and David, as grantees, received Mary's one-half mineral interest, and Mary is estopped from asserting title to that interest under the reservation clause because "the warranty obligation is superior to the ... [grantor's] reservation rights." *Kadrmas, supra,* 188 N.W.2d at 756.

The court limited *Gilbertson* to its specific facts, wherein the grantee owned an outstanding mineral interest before the disputed conveyance, and said: "Absent a *Gilbertson* fact situation, a grantee's notice, actual or constructive, of a third party's outstanding mineral interest should not jeopardize his rights against a grantor who has made a conveyance to him by warranty deed." *Sibert,* 357 N.W.2d at 498. We have more recently applied the *Duhig* rule in *Acoma Oil Corp. v. Wilson,* 471 N.W.2d 476 (N.D.1991), and *Mau v. Schwan,* 460 N.W.2d 131 (N.D.1990).

[¶ 13] This court's application of *Duhig* has been "based on estoppel by warranty, a subset of estoppel by deed, which precludes a warrantor of title from questioning the title warranted." *Mau v. Schwan,* 460 N.W.2d 131, 134 (N.D.1990).

[¶ 14] Hron contends the trial court erred in failing to determine they own one-half the minerals because W.V. Hron used a special warranty deed, rather than a general warranty deed, to convey the land to Huether. "A special warranty deed warrants title only against claims held by, through, or under the grantor, or against encumbrances made or suffered by her, and it cannot be held to warrant title generally against all persons." *Stracka v. Peterson,* 377 N.W.2d 580, 583 n. 6 (N.D. 1985).

[¶ 15] A warranty does not define the estate conveyed:

The purpose of a granting clause is "to define and designate the estate conveyed." *Kynerd v. Hulen,* 5 F.2d 160, 161 (5th Cir.), *cert. denied,* 269 U.S. 560, 46 S.Ct. 20, 70 L.Ed. 411 (1925).... Exceptions inserted into a covenant of warranty are intended only to protect the grantor on the warranty and are not intended as a limitation on the nature of the interest conveyed by the granting clause.

*O'Brien v. Village Land Co.,* 794 P.2d 246, 251 (Colo.1990). In *Mueller v. Stangeland,* 340 N.W.2d 450 (N.D.1983), the granting clause of a deed conveyed without reserving or excepting any minerals. The warranty clause provided: *"The Vendor excepts from this Contract all minerals, including oil and gas, and all mineral rights not now owned by the Vendor." Id.* at 452. This court held that provision "is indicative of an intention to except from the warranty all minerals and mineral rights not owned, rather than an intention to except minerals owned from the grant and mineral rights not owned from the warranty." *Id.* at 453.

[¶ 16] Although *Duhig* involved a general warranty deed, and the majority in *Duhig* relied on the warranty to explain the result in *Duhig,* a *Duhig* result may be reached with a limited warranty or with no warranty. *See* 1 *Williams & Meyers,* at 580.29–580.31 (stating the *Duhig* result

"follows where the deed contains a special rather than a general warranty"); 1 Eugene Kuntz, *Oil and Gas* § 14.5 (1999 Supp. at 106) (stating "[t]he Duhig rule will be applied whether or not the deed contains a general warranty if. it purports to convey the described interest. Having asserted ownership, the grantor is estopped to deny it.")

[¶ 17] The court in *Blanton v. Bruce*, 688 S.W.2d 908 (Tex.App.1985) said the *Duhig* rule applies to a deed with no warranty:

> We hold that the *Duhig* rule is applicable to the Oldham–Sparks deed because the deed purports to convey a definite interest in the property. Under *Lindsay v. Freeman, supra* [83 Tex. 259, 18 S.W. 727 (1892)], covenants of warranty are not necessary for the passage of after-acquired title by estoppel.
>
> When the grantor executed the Oldham–Sparks deed, a ¼ mineral interest was outstanding. The deed purports to convey a½ mineral interest and, at the same time, reserve a½ mineral interest. Those claiming under the grantor (Blantons) are estopped to assert any title to the reserved minerals until the grantee[s] (Bruces) are made whole.

*Id.* at 913–14. The court in *American Republics Corp. v. Houston Oil Co.*, 173 F.2d 728, 734 (5th Cir.1949), said *Duhig* applies if there is a special warranty or no warranty:

> A deed with special warranty, indeed, as we have seen, a deed with no warranty at all, as completely estops the grantor from making a claim of title which would diminish the title of his grantee as would a deed with general warranty.
>
> . . . .
>
> In Duhig's case, as here, what is important and controlling is not whether grantor actually owned the title to the land it conveyed, but whether, in the deed, it asserted that it did, and undertook to convey it.

"The key question is, not what the grantor purported to retain for himself, but what he purported to give the grantee. If he undertook to convey half the minerals and had the power to do so, he should be held to his undertaking." 1 *Williams & Meyers*, at 580.36.

[¶ 18] W.V. Hron's 1948 deed to Huether purported to convey a one-half interest in the minerals and reserve a one-half interest in the minerals when W.V. Hron owned only a one-half interest in the minerals. We conclude the deed's limited warranty limited the grantor's warranty, not the interest conveyed. We conclude the trial court properly applied the *Duhig* rule to the deed at issue, which contained reservation or exception language in both the granting and warranting clauses.

[¶ 19] Affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.