Filed 8/30/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 180

Joe Waldock, Plaintiff and Appellant

v.

Amber Harvest Corporation; Alice Hanson; 

LaVonne Tatro; Margrethe C. Nelson; 

Gertrude Erickson; Marian Grams; Leon Crandall; 

Stewart Crandall; Hugh Crandall; Franklin Crandall; 

Donald Crandall; Larry Gensch; Gerald Gensch; 

Robin Armstrong; Donna Crane; Joan Archibald; 

Dale Beltz; Sandra Boone; LeRoy Beltz; 

Betty Lou Johnson; Kathleen Grimes Crandall; 

Catherine M. Hearrold; Lorraine Johnson; 

Dean G. Nelson and Betty J. Nelson; 

Kathy Lynn Brown; Gloria McKee; Colleen Hintz; 

Mavis Moe; Sharon M. Solomonson and Dean Solomonson; 

Romell D. Lawson; Dennis Nelson; David L. Nelson and 

Irene Nelson; LaDonna Munier; Sally K. Turnipseed; 

James Crandall; Timothy Crandall; Jane Crandall; 

Susan Elizabeth Crandall; Brendle Family Partnership; 

Beatrice Johnson; Robert Solomonson and 

Jean Marie Solomonson; Jean A. Anderson; 

Lois E. Howard; Carol J. Larson; Heirs and 

Devisees of Ida Marie Johnson, deceased; Heirs 

and Devisees of Freda Luth, deceased; Heirs and 

Devisees of William Beltz, deceased; Heirs and 

Devisees of Vernon Nelson, deceased; Heirs and 

Devisees of Gordon Crandall, deceased; Heirs and 

Devisees of Irma Jackson, deceased; Heirs and 

Devisees of Doris Hedberg; Cade Oil & Gas, LLC; 

EOG Resources, Inc.; WC Holdings, LLPP; Carol Tvedt; 

Darla Van; John H. Holt Oil Properties, Inc.; 

Donna McCutcheon; Barbara Green; Sandra Lee McKee; 

Diane Cooper; Mary Lou Lindbloom; Leona Williams; 

Nancy L. Martin; Lori Peters; Lisa Meier; 

Jason Robbins; Jeremy Robbins, a/k/a Jeremie Robbins; 

Nancy Martin; Trustee of the Larry Erickson Mineral Trust; 

Copperhead Corporation; Brent Hedberg; 

Ricky Hedberg;  Randy Hedberg; Dee Ellen Lampert; 

Gerry Hedberg; Montana Oil Properties, Inc.; 

Northern Oil & Gas, Inc.; Western Resources, LLC; 

S. Reger Family Mineral Partnership, dated 

June 9, 2006; Ryan Family Mineral Partnership 

dated June 27, 2003; Summerfield C. Baldridge; 

Ernest Hanson; Shirley Hanson; Betty Trzpuc as 

Attorney in Fact for Violet Ceglowski; Kootenai 

Resource Corporation; Slawson Exploration Company, 

Inc.; and all persons unknown claiming any estate 

in or lien or encumbrance upon the property 

described in Complaint, Defendants

Amber Harvest Corporation; LaVonne Tatro, Larry Gensch; 

Gerald Gensch; Robin Armstrong; Sharon M. Solomonson; 

Dean Solomonson; Romell D. Lawson; David L. Nelson 

and Irene Nelson; LaDonna Munier; Brendle Family Partnership; 

Cade Oil & Gas, LLC; John H. Holt Oil Properties, Inc.; 

Donna McCutcheon; Barbara Green; Sandra Lee McKee; 

Diane Cooper; Mary Lou Lindbloom; Leona Williams; 

Nancy L. Martin; Lori Peters; Lisa Meier; 

Jason Robbins; Jeremy Robbins, a/k/a Jeremie Robbins;

Nancy Martin; Trustee of the Larry Erickson Mineral Trust;

Ernest Hanson; Shirley Hanson; Betty Trzpuc as 

Attorney in Fact for Violet Ceglowski, Appellees

No. 20120064

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Jessica L. Merchant (argued), Richard P. Olson (appeared), and Wanda L. Fischer (on brief), P.O. Box 1180, Minot, N.D. 58702-1180, for plaintiff and appellant.

Ariston E. Johnson (argued) and Dennis E. Johnson (on brief), P.O. Box 1260, Watford City, N.D. 58854-1260, for defendant and appellee Amber Harvest Corporation.

Elizabeth Ledgerwood Pendlay (on brief), P.O. Box 289, Crosby, N.D. 58730-

0289, for defendants and appellees Brendle Family Partnership, Ernest Hanson, Shirley Hanson, Romell D. Lawson, Ladonna Munier, David L. Nelson, Irene Nelson, Dean Solomonson, and Sharon M. Solomonson.

Michel W. Stefonowicz (on brief), P.O. Box 458, West Fargo, N.D. 58078-

0458, for defendants and appellees Lavonne Tatro and Betty Trzpuc, Personal Representative of the Estate of Violet Ceglowski, formerly Attorney in Fact for Violet Ceglowski.

Dwight C. Eiken (argued), P.O. Box 1526, Williston, N.D. 58802-1526, for appellees Cade Oil & Gas, LLC, and John H. Holt Oil Properties, Inc.

John H. MacMaster (on brief) and Ryan Geltel (on brief), P.O. Box 547, Williston, N.D. 58802-0547, for appellees Larry Gensch, Gerald Gensch, Robin Armstrong, Donna McCutcheon, Barbara Green, Sandra Lee McKee, Diane Cooper, Mary Lou Lindbloom, Leona Williams, Nancy L. Martin, Lori Peters, Lisa Meier, Jason Robbins, Jeremie Robbins, and Nancy Martin, Trustee of the Larry Erickson Mineral Trust.

Waldock v. Amber Harvest Corporation

No. 20120064

Kapsner, Justice.

[¶1] 
Joe Waldock appeals from a summary judgment quieting title to 25 percent of the mineral interests under a tract of land in Mountrail County in the successors in interest of the Estate of William C. Edwardson.  Waldock argues the district court erred in deciding a 1954 administrator’s deed from Edwardson’s Estate to Waldock’s predecessor in interest, Clark Van Horn, was equivalent to a quitclaim deed and in deciding the rule for interpreting mineral conveyances from 
Duhig v. Peavy-Moore Co.
, 144 S.W.2d 878 (Tex. 1940), was not applicable to the administrator’s deed.  We conclude the legal effect of the plain language of the administrator’s deed conveyed 25 percent of the mineral interests to Waldock’s predecessor in interest
 and reserved 25 percent of the mineral interests to Edwardson’s Estate.  We affirm.

I

[¶2] When he died, Edwardson owned 50 percent of the mineral interests under a tract of land in Mountrail County and the United States owned the other 50 percent of the mineral interests.  After obtaining a county court order approving and confirming the sale, the administrator of Edwardson’s Estate issued an administrator’s deed to Van Horn in 1954, which “granted, bargained, sold and conveyed” all the right, title, estate, and interest of Edwardson in the land at the time of his death to Van Horn, but excepted and reserved to Edwardson’s Estate 25 percent of all the minerals under the land:

NOW, THEREFORE, the said 
party of the first part as Administrator
 aforesaid pursuant to the order last aforesaid, and for and in consideration of the said sum of Four Thousand Seven Hundred ($4700.00) and no/100 Dollars, to his in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, 
has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey, unto the said party of the second part and his heirs and assigns, forever, all the right, title, estate and interest, of the said above named decedent, at the time of his death
, and also all the right, title, and interest that the said estate, by operation of law or otherwise, may have acquired other than or in addition to, that of said deceased, at the time of his death, in and to all that certain lot, piece or parcel of land, situated, lying and being in said County of [Mountrail] and State of North Dakota and particularly described as follows, to-wit:

The East half of the Southwest Quarter (E1/2SW1/4) and Lots Three (3) and Four (4) Section Eighteen (18), Township One Hundred Fifty-one North (151N), Range Ninety West (90W) 
excepting and reserving unto said estate, its successors and assigns, forever, an undivided Twenty-five percent (25%) interest in all of the oil, gas, and other minerals upon, or in said land
, together with such rights of ingress and egress as may be necessary for exploring for and mining or otherwise extracting and carrying away the same; and provided further that the purchaser shall settle for summerfallow and other like improvements upon the said land.  (Emphasis added.)

[¶3] Van Horn’s successor in interest, Waldock, brought this quiet title action against the Estate’s successors in interest to determine ownership of the 25 percent interest in the minerals excepted and reserved to the Estate in the administrator’s deed.  On motions for summary judgment, the district court decided the plain language of the administrator’s deed was equivalent to a quitclaim deed, which reserved 25 percent of the mineral interests to the Estate and granted Van Horn 25 percent of the mineral interests.  The court decided the language in the administrator’s deed did not result in an overconveyance of mineral interests to Van Horn and the rule for interpreting mineral conveyances from 
Duhig
, 144 S.W.2d 878, was not applicable to the administrator’s deed. The court decided Waldock was not entitled to any portion of the 25 percent interest in the minerals excepted and reserved to the Estate in the administrator’s deed and quieted title to that 25 percent interest to the Estate’s successors in interests.

II

[¶4] The district court decided this case by summary judgment under N.D.R.Civ.P. 56(c), which is a procedural device for promptly and expeditiously disposing of an action without a trial if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes will not alter the result.  
Melchior v. Lystad
, 2010 ND 140, ¶ 7, 786 N.W.2d 8.  Whether a district court properly granted summary judgment is a question of law that we review de novo on the record.  
Id.

III

[¶5] Waldock argues the district court erred in equating the administrator’s deed to a quitclaim deed.  He argues the administrator’s deed is more than a quitclaim deed and includes a warranty of title in the nature of a special warranty deed.  He claims the deed resulted in an overconveyance of minerals by the Estate and rendered inoperative the Estate’s purported reservation of a 25 percent interest in all the minerals.  He thus argues the legal effect of the deed under the 
Duhig
 rule entitles him to the 25 percent interest in the minerals reserved to the Estate.

[¶6] In 
Carkuff v. Balmer
, 2011 ND 60, ¶ 8, 795 N.W.2d 303, we recently described rules for construing deeds:

In construing a deed, the primary purpose is “to ascertain and effectuate the grantor’s intent, and deeds are construed in the same manner as contracts.”  
State Bank & Trust of Kenmare v. Brekke
, 1999 ND 212, ¶ 12, 602 N.W.2d 681; 
see
 
Williams Co. v. Hamilton
, 427 N.W.2d 822, 823 (N.D. 1988).  If a deed is unambiguous, this Court determines the parties’ intent from the instrument itself.  
See
 
Brekke
, at ¶ 12; 
Stracka v. Peterson
, 377 N.W.2d 580, 582 (N.D.1985).  In other words, “[t]he language of the deed, if clear and explicit, governs its interpretation; the parties’ mutual intentions must be ascertained from the four corners of the deed, if possible.”  
North Shore, Inc. v. Wakefield
, 530 N.W.2d 297, 300 (N.D. 1995); 
see
 N.D.C.C. §§ 9-07-

02, 9-07-03, 9-07-04, 47-09-11.  Whether or not a contract is ambiguous is a question of law.  
Brekke
, at ¶ 12.

[¶7] In cases involving an overconveyance of mineral interests in deeds, this Court has applied the rule of construction from 
Duhig
. 
See
 
Melchior
, 2010 ND 140, ¶ 8, 786 N.W.2d 8; 
Gawryluk v. Poynter
, 2002 ND 205, ¶ 11, 654 N.W.2d 400; 
Miller v. Kloeckner
, 1999 ND 190, ¶ 9, 600 N.W.2d 881; 
Acoma Oil Corp. v. Wilson
, 471 N.W.2d 476, 478-82 (N.D. 1991); 
Mau v. Schwan
, 460 N.W.2d 131, 133-36 (N.D. 1990); 
Sibert v. Kubas
, 357 N.W.2d 495, 496-98 (N.D. 1984); 
Kadrmas v. Sauvageau
, 188 N.W.2d 753, 756 (N.D. 1971).

[¶8] We have explained the 
Duhig
 rule:

In 1 Williams & Meyers 
Oil and Gas Law
, § 311, p. 580.39 (2001) the authors explain the 
Duhig
 rule:

The 
Duhig
 rule says that where a grantor conveys land in such a manner as to include 100% of the minerals, and then reserves to himself 50% of the minerals, the reservation is not operative where the grantor owns only 50% of the minerals. The deed is construed as undertaking the transfer of 50% of the minerals to the grantee. Both this grant and the reservation cannot be given effect, so the grantor loses because the risk of title loss is on him.

The effect of 
Duhig
 is that a grantor cannot grant and reserve the same mineral interest, and if a grantor does not own a large enough mineral interest to satisfy both the grant and the reservation, the grant must be satisfied first because the obligation incurred by the grant is superior to the reservation. The interpretation of deeds within the framework of the 
Duhig
 rationale provides certain and definite guidelines in the interpretation of property conveyances and in title examinations.  
See
 1 Williams & Meyers, at § 313, p. 616-616.1.

This Court’s application of 
Duhig
 has been based on estoppel by warranty, a subset of estoppel by deed, which precludes a warrantor of title from questioning the title warranted.  
Miller v. Kloeckner
, 1999 ND 190, ¶ 13, 600 N.W.2d 881 (citing 
Mau v. Schwan
, 460 N.W.2d 131, 134 (N.D. 1990)).  
See also
 
Acoma Oil Corp. v. Wilson
, 471 N.W.2d 476, 479-80 (N.D. 1991); 
Sibert v. Kubas
, 357 N.W.2d 495, 497 (N.D. 1984).  In 
Miller
, at ¶ 16-18 we recognized the rationale from 
Duhig
 may apply to a deed with no warranty provisions, and the key question is not what the grantor purported to retain for himself, but what the grantor purported to give the grantee.  
See
 1 Williams & Meyers, at § 311, p. 580.34.

Gawryluk
, 2002 ND 205, ¶¶ 13-14, 654 N.W.2d 400.

[¶9] In 
Miller
, 1999 ND 190, ¶¶ 14-18, 600 N.W.2d 881, this Court addressed a 
Duhig
 issue in the context of an argument that a grantor used a special warranty deed to convey land to a grantee.  We said the granting clause defines and designates the conveyed land, and we explained exceptions in a covenant of warranty protect the grantor on the warranty and are not intended as limitations on the nature of the interest conveyed by the granting clause.  
Id.
 at ¶ 15.  We explained a “
Duhig
 result may be reached with a limited warranty or with no warranty,” because the relevant inquiry focuses on what the grantor purported to convey to the grantee in the granting clause.  
Miller
, at ¶¶ 16-17.

[¶10] Here, the administrator’s deed complied with the contemporaneous statutory provision for an estate’s conveyance of real property by a private sale.  
See
 1943 N.D.R.C § 30-1920.  
See also
 
Sittner v. Mistelski
, 140 N.W.2d 360, 369 (N.D. 1966) (stating N.D.C.C. § 30-19-20 clearly indicates conveyance of decedent’s real property by decedent’s estate conveys only the right, title, and interest of the decedent in the premises).  Although Waldock argues the administrator’s deed contains a warranty and is more than a quitclaim deed and is in the nature of a special warranty deed, the label of the deed is not controlling.  Rather, the specific language of the granting clause of the deed controls the interests the grantor purported to give the grantee.  
See
 
Gawryluk
, 2002 ND 205, ¶ 14, 654 N.W.2d 400; 
Miller
, 1999 ND 190, ¶¶ 16-17, 600 N.W.2d 881.

[¶11] The plain language of the Estate’s deed to Waldock’s predecessor in interest grants all the right, title, estate, and interest of the decedent at the time of his death.  That language is similar to a quitclaim deed, which conveys only the grantor’s interest, if any, in property.  
See
 
Carkuff
, 2011 ND 60, ¶ 10, 795 N.W.2d 303.  In 
Carkuff
, at ¶¶ 7, 12-14, a quitclaim deed used the word “grant,” and we held the use of that word did not transform the deed to a conveyance of more than the grantor’s right, title, and interest in the property.

[¶12] Although the language in the deed in 
Carkuff
 is not identical to the language in this deed, the legal effect of the plain language in this deed is the same as the language in 
Carkuff
.  That language conveyed Edwardson’s interest in the property at the time of his death, which undisputedly included 50 percent of the mineral interests, and excepted and reserved to his Estate 25 percent of the mineral interests.  The language excepting and reserving 25 percent of the mineral interests to the Estate in this deed is in the granting clause, not in a later clause.  
See
 
Royse v. Easter Seal Soc’y
, 256 N.W.2d 542, 545 (N.D. 1977) (stating that to constitute an exception to a grant, exception must be an exception to the grant and not an exception to some other provision of deed).

[¶13] We conclude the specific language of the deed granting, bargaining, selling, and conveying “all the right, title, estate and interest of [Edwardson], at the time of his death” is clear and unambiguous, and the legal effect of that language conveyed 25 percent of Edwardson’s interests in the minerals to Waldock’s predecessor in interest and excepted and reserved 25 percent of Edwardson’s interest in the minerals to his Estate for his successors in interest.  We therefore conclude the plain language of the deed did not result in an overconveyance of mineral interests and the 
Duhig
 rule for construing over conveyances is not applicable to the deed.

IV

[¶14] We affirm the summary judgment.

[¶15] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.