2013 ND 149

Leslie D. JOHNSON, Carol Johnson, Merlyn H. Johnson, Thea Donna D. Johnson, Delores Albertson and their children, Plaintiffs and Appellees

v.

Nancy FINKLE, Axel Anderson and Norma Anderson and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint, whether as heirs, devisees, legatees, or personal representative of any of the above named persons who may be deceased or under any other title or interest, Defendants

Nancy Finkle, Appellant.

No. 20130047.

Supreme Court of North Dakota.

Aug. 29, 2013.

Rehearing Denied Sept. 25, 2013.

Taylor D. Olson (argued) and Peter H. Furuseth (on brief), Williston, N.D., for plaintiffs and appellees.

Scott M. Knudsvig (argued) and Matthew H. Olson (on brief), Minot, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   Nancy Finkle appealed from an order and judgment quieting title to 1/2 of the mineral interests in certain real property in Mountrail County in Leslie D. Johnson, Carol Johnson, Merlyn H. Johnson, Thea Donna D. Johnson, Delores Albertson and their children ("Johnsons"). Finkle claims she owns 1/4 of the mineral interests. The district court held Finkle does not have an interest in the minerals. We affirm.

I

[¶ 2]   Axel and Norma Anderson ("Andersons") owned all of the surface and minerals in the Mountrail County property described as:

*Township 158 North, Range 91 West*

Section 23:  all

Section 24:  all

Section 25:  N1/2 NE1/4, W1/2

Section 26:  SE1/4 NE1/4, N1/2 NE1/4

In 1949, the Andersons sold 1/2 of all the minerals in the property to L.S. Youngblood.

[¶ 3]   In 1957, the Andersons entered into a contract for deed with Henry Johnson, which included the property described above and stated the Andersons sell and

agree to convey the property by warranty deed upon Henry Johnson's prompt and full performance of the terms of the agreement. The contract for deed included a description of the property and stated, "The grantor reserves a 1/4 mineral interest, including gas and oil, in the above described premises, as of the date of this contract."

[¶ 4] In October 1962, the Andersons conveyed the property, including the mineral interests, to Henry Johnson by warranty deed. The warranty deed included a provision stating, "The grantor reserves a 1/4 mineral interest, including gas and oil, with the right of ingress and egress for the purpose of mining, exploring or drilling for the same."

[¶ 5] The Andersons and Henry Johnson are deceased. Finkle is the Andersons' heir and the Johnsons are Henry Johnson's heirs. In 2011, the Johnsons brought this quiet title action against Finkle, the Andersons, and all other persons unknown claiming an interest in the property ("Anderson defendants") to determine ownership of the 1/2 mineral interest in the property. The Johnsons claimed the Anderson defendants do not have any interest in the minerals and title should be quieted in the Johnsons' favor. Finkle answered and brought a counterclaim to quiet title, alleging title to an undivided 1/4 interest in the minerals should be quieted in her favor. Finkle later amended her complaint to seek reformation of the 1957 contract for deed and the 1962 warranty deed.

[¶ 6] The Johnsons moved for summary judgment, arguing the court should grant their motion for summary judgment and title to the minerals should be quieted in their favor because the warranty deed conveyed 3/4 of the minerals, the Andersons only owned 1/2 of the minerals at the time of the conveyance, the Andersons did not own a large enough interest to satisfy the interest conveyed, the interest conveyed must be satisfied first, and therefore Finkle's claim that she owns 1/4 of the mineral interests must fail. Finkle also moved for summary judgment.

[¶ 7] The district court granted the Johnsons' motion for summary judgment and quieted title in their favor. The court ruled the warranty deed was unambiguous. The court stated the Andersons owned 1/2 of the minerals, they conveyed the surface and all of the minerals to Henry Johnson, the Andersons reserved 1/4 of the minerals, and the Andersons did not own enough minerals to satisfy the grant. The court applied the rationale from *Duhig v. Peavy–Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940), stating a grantor cannot grant and reserve the same mineral interest and the grant must be satisfied first if the grantor does not own a large enough interest to satisfy both. The court concluded the Andersons conveyed all of the minerals, they did not retain any interest in the minerals, and the title to the mineral interests must be quieted in the Johnsons' favor. The court also denied Finkle's reformation claim. A judgment was entered quieting title to 1/2 of the mineral interests in the property in favor of the Johnsons.

## II

[¶ 8] The Johnsons argue this Court should summarily affirm the district court's order for summary judgment because Finkle's brief was untimely.

[¶ 9] An appellant must serve and file a brief within 40 days after the date on which the transcript is filed or within 40 days after the notice of appeal is filed if a transcript is not ordered. N.D.R.App.P. 31(a). If an appellant fails to file a brief within the 40–day limit or within a time extended by the Court, we may dismiss

the appeal. N.D.R.App.P. 31(c). Finkle's notice of appeal was filed on February 13, 2013, a transcript was not ordered, and her brief was not filed until April 9, 2013. However, Finkle filed a motion to extend the time for her brief and that motion was granted. Finkle's brief was not untimely.

### III

[¶ 10] Finkle argues the district court erred in granting the Johnsons' motion for summary judgment. She contends the *Duhig* rule does not apply and the rationale from *Gilbertson v. Charlson,* 301 N.W.2d 144 (N.D.1981), controls because Henry Johnson owned an outstanding mineral interest in the subject property before the 1962 conveyance. Finkle claims she owns 1/4 of the mineral interests leaving title to the other 1/4 in the Johnsons.

[¶ 11] Summary judgment under N.D.R.Civ.P. 56(c) is a procedural device for the prompt and expeditious disposition of an action without a trial when either party is entitled to judgment as a matter of law and the material facts or the inferences drawn from those facts are not disputed or if resolving the factual disputes will not alter the result. *Nichols v. Goughnour,* 2012 ND 178, ¶ 9, 820 N.W.2d 740. Whether a district court properly granted summary judgment is a question of law, which is reviewed de novo on the record. *Id.* The parties do not argue there are any factual disputes in this case.

[¶ 12] Although we have said the primary purpose in construing a deed is to ascertain and effectuate the grantor's intent, *Gawryluk v. Poynter,* 2002 ND 205, ¶ 8, 654 N.W.2d 400, "deeds that convey mineral interests are subject to the general rules governing contract interpretation, and we construe contracts to give effect to the parties' mutual intentions." *Id.* (citations omitted). The parties' intentions are ascertained from the writing alone when the language of the deed is plain and unambiguous. *Id.* at ¶ 9. "A contract is ambiguous when rational arguments can be made for different interpretations." *Id.* Whether a deed is ambiguous is a question of law, which we will review independently on appeal. *Id.*

[¶ 13] Conveyance of land without any exceptions or reservations constitutes conveyance of all of the surface and minerals. *Sibert v. Kubas,* 357 N.W.2d 495, 496 (N.D.1984). A warranty deed that describes the land conveyed and reserves 1/4 of the minerals in the grantors, conveys and warrants title to the entire surface and 3/4 of the minerals. *See Miller v. Kloeckner,* 1999 ND 190, ¶ 10, 600 N.W.2d 881; *Sibert,* at 496. In this case the warranty deed states the grantor was conveying all of the described tract or parcel of land but the grantor "reserves a 1/4 mineral interest...." It is undisputed that the Andersons sold half of the minerals in the subject property in 1949 and did not own all of the minerals when the warranty deed with Henry Johnson was executed. The language of the deed is clear and unambiguous. The Andersons conveyed more minerals than they owned.

[¶ 14] This Court has applied the *Duhig* rule to construe a deed when there is an overconveyance of minerals, and we have explained:

> The *Duhig* rule says that where a grantor conveys land in such a manner as to include 100% of the minerals, and then reserves to himself 50% of the minerals, the reservation is not operative where the grantor owns only 50% of the minerals. The deed is construed as undertaking the transfer of 50% of the minerals to the grantee. Both this grant and the reservation cannot be given effect, so the grantor

loses because the risk of title loss is on him.

The effect of *Duhig* is that a grantor cannot grant and reserve the same mineral interest, and if a grantor does not own a large enough mineral interest to satisfy both the grant and the reservation, the grant must be satisfied first because the obligation incurred by the grant is superior to the reservation.

*Gawryluk*, 2002 ND 205, ¶ 13, 654 N.W.2d 400 (quoting 1 William & Meyers *Oil and Gas Law*, § 311, p. 580.39 (2001)). The district court ruled the *Duhig* rule applies, the Andersons conveyed all of the surface and minerals for the subject property to Henry Johnson, they reserved 1/4 of the mineral interests, they did not own enough minerals to satisfy the grant, the grant must be satisfied first, and the Andersons conveyed all of the mineral interests they owned.

[¶ 15] Finkle argues the court erred in applying the *Duhig* rule and contends the rationale from *Gilbertson*, 301 N.W.2d 144 (N.D.1981), controls. In *Gilbertson*, the Court declined to apply the *Duhig* rule when the grantee owned an interest in the property prior to the disputed conveyance. *Id.* at 148. Three siblings each owned an undivided 1/3 interest in 95% of the minerals in the property and the State owned the remaining 5% of the minerals. *Id.* at 145. Two of the siblings conveyed their interest in the land by warranty deed to the third sibling and reserved 50% of the mineral interests. *Id.* The Court said the grantee had actual notice that the grantors did not own 100% of the minerals because she owned a portion of the minerals. *Id.* at 148. She also had at least constructive notice of the State's reservation of 5% of the minerals because that reservation was of record. *Id.* The Court held:

Because of the actual notice of the existence of the 31 2/3 percent interest in the minerals to the grantees, the constructive notice of the five percent reservation of the minerals in the state, and the 50 percent reservation of the minerals in the deed by which the grantees received the surface, the grantees were clearly made aware that the grantors were not warranting title to 50 percent of the minerals plus the five percent of the minerals reserved by the state and the 31 2/3 percent of the minerals then owned by the grantees. Under these circumstances, there can be no implied warranty that the grantors are warranting what they have reserved.

*Id.*

[¶ 16] This Court has limited *Gilbertson* to "the peculiar facts of that case wherein the grantee, prior to the disputed conveyance, owned an outstanding mineral interest in the property conveyed." *Sibert*, 357 N.W.2d at 497; *see also Miller*, 1999 ND 190, ¶ 12, 600 N.W.2d 881. Finkle contends this case is similar to *Gilbertson* because Henry Johnson was an owner of the property under the 1957 contract for deed and therefore he owned an outstanding mineral interest in the property prior to the 1962 conveyance by warranty deed.

[¶ 17] Under a contract for deed, the vendor retains the legal title to the property and holds it in trust for the purchaser and as security for the purchaser's compliance with the conditions of the contract. *See Security State Bank of Hannaford v. Harrington*, 452 N.W.2d 72, 74 (N.D.1990); *Farmers State Bank v. Slaubaugh*, 366 N.W.2d 804, 807 (N.D. 1985); *Zent v. Zent*, 281 N.W.2d 41, 45 (N.D.1979); *Sadler v. Ballantyne*, 268 N.W.2d 119, 124 (N.D.1978); *United Accounts, Inc. v. Larson*, 121 N.W.2d 628, 632–33 (N.D.1963); *In re Ryan's Estate*, 102 N.W.2d 9, 14 (N.D.1960). The purchaser holds equitable title and generally has the right to the use and possession of

the property. *See Slaubaugh*, at 807; *Zent*, at 45; *United Accounts*, at 632–33; *Ryan's Estate*, at 14. The equitable title merges in the legal title when the terms of the contract for deed have been completed and the warranty deed is entered. *United Accounts*, at 633. The full title in fee simple does not vest until the entire purchase price is paid and the terms of the contract have been met. *Zent*, at 45. The subsequent conveyance under the warranty deed after the terms of the contract for deed have been met does not create a new right, but rather perfects the right existing under the contract and gives effect to the parties' intent by perfecting title relating back to the date of the contract. *Ryan's Estate*, at 13–14.

[¶ 18] This case is different from *Gilbertson*. In *Gilbertson*, the grantee was clearly aware that the grantors did not own 100% of the minerals in the property and could not warrant title to 50% of the minerals and reserve 50% of the minerals because the grantee owned a portion of the minerals prior to the conveyance. 301 N.W.2d at 148. Here, Henry Johnson did not have legal title to the property prior to the 1962 warranty deed. He was an equitable owner of the property under the contract for deed and the warranty deed perfected this right, giving him legal title to the property. Because Henry Johnson did not own an outstanding mineral interest in the property prior to the 1962 warranty deed, *Gilbertson* does not apply. Our decision in this case is consistent with our prior case law applying *Duhig* when there was a contract for deed and subsequent warranty deed. *See Melchior v. Lystad*, 2010 ND 140, 786 N.W.2d 8; *Mau v. Schwan*, 460 N.W.2d 131, 132–34 (N.D. 1990).

[¶ 19] Although Henry Johnson may have had constructive notice that a third party had a mineral interest in the property, notice alone is not enough to preclude application of the *Duhig* rule. In other cases, we have refused to extend *Gilbertson's* application and have applied the *Duhig* doctrine to situations where "a grantee, without an outstanding mineral interest in the conveyed property, merely has notice of an outstanding mineral interest in a third party which is not in conflict with other facts actually or constructively known by that grantee." *Sibert*, 357 N.W.2d at 498. The Andersons did not own a large enough mineral interest to satisfy both their grant to Henry Johnson and to reserve a 1/4 interest, and therefore the grant must be satisfied first and the Andersons did not reserve any interest in the minerals. We conclude the court correctly ruled the *Duhig* rule applies and determined the Johnsons are the owners of the disputed mineral interests.

### IV

[¶ 20] We affirm, concluding Finkle does not have any interest in the disputed property.

[¶ 21] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, on petition for rehearing.

[¶ 22] Finkle filed a petition for rehearing, arguing that we overlooked her argument about the 1957 delay rental stipulation. She contends the delay rental stipulation was executed after the contract for deed, Henry Johnson and Axel Anderson stipulated they were both "present owners" of the mineral interests in the subject property, and the stipulation created an outstanding ownership interest in Henry Johnson. Finkle claims the delay rental stipulation is a key piece of evidence because it establishes that Henry Johnson

had an outstanding ownership interest in the minerals prior to the warranty deed, and she was deprived of a fair appeal because this Court ignored her argument and the evidence.

[¶ 23] We considered Finkle's argument about the delay rental stipulation but it did not change the outcome or affect the analysis. The delay rental stipulation did not transfer legal title of the property to Henry Johnson. Henry Johnson held an equitable title in the property when the delay rental transfer was executed and full title did not vest until the terms of the contract for deed were completed and the warranty deed was entered. Therefore, within the meaning of *Gilbertson v. Charlson*, 301 N.W.2d 144 (N.D.1981), Henry Johnson did not have legal title in the minerals at the time the warranty deed was entered. Finkle is asking us to create further exception to *Duhig v. Peavy–Moore Lumber Co., Inc.*, 144 S.W.2d 878 (Tex.1940), and to expand *Gilbertson*. We have limited *Gilbertson* to its specific facts. *See Sibert v. Kubas*, 357 N.W.2d 495, 497–98 (N.D.1984). We refuse to expand *Gilbertson* further. Therefore, we deny the petition for rehearing.

[¶ 24]   DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.