# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2053
_____

Northern Oil and Gas, Inc.

*Plaintiff - Appellant*

v.

EOG Resources, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: April 12, 2023
Filed: July 17, 2023
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Oil and gas exploration and development have greatly expanded in western North Dakota, leading to recurring litigation over who now owns subsurface mineral rights conveyed or reserved many years earlier. When there has been an

overconveyance of mineral interests,[1] the Supreme Court of North Dakota applies the rule of construction from Duhig v. Peavy-Moore Lumber Co., 144 S.W.2d 878 (Tex. 1940) -- where mineral interests conveyed and reserved by a property owner total more than a 100% interest, "this grant and the reservation cannot be given effect, so the grantor loses because the risk of title loss is on him."  Gawryluk v. Poynter, 654 N.W.2d 400, 405 (N.D. 2002) (quotation omitted).  "The effect of Duhig is that . . . if a grantor does not own a large enough mineral interest to satisfy both the grant and the reservation, the grant must be satisfied first because the obligation incurred by the grant is superior to the reservation."  Id.

In June 1949, Axel Anderson conveyed to L.S. Youngblood a ½ mineral interest in several tracts of land in Mountrail County, North Dakota ("the Disputed Lands").[2]  The Youngblood deed was promptly recorded and is not disputed.  In 1962, Anderson and his wife conveyed by warranty deed a 3/4 mineral interest in the Disputed Lands to Henry Johnson, reserving a 1/4 mineral interest for themselves. The warranty deed was recorded.  This was a rather obvious overconveyance given the prior, recorded ½ mineral interest conveyed to Youngblood.  In 2011, with the Andersons and Henry Johnson now deceased, grantee Johnson's successors filed a quiet title action in state court against Nancy Finkle and grantor Andersons' other

---

[1]A mineral interest is the right to search for, develop, and produce oil and gas (and other minerals) from the land.  A "mineral acre" is the full mineral interest in one acre of land.  John S. Lowe, Oil and Gas Law in a Nutshell 42-44, 501 (6th ed. 2014).

[2]The Disputed Lands consist of several tracts:

Township 158 North, Range 91 West
Section 23:  All
Section 24:  All
Section 25:  N1/2 NE1/4; W1/2
Section 26:  SE1/4 NE1/4; N1/2 NE1/4

successors to resolve the overconveyance, seeking title to a ½ mineral interest in the Disputed Lands ("the Finkle Litigation"). See N.D.C.C. § 32-17-01.

The state trial court, rejecting Finkle's contention that the reservation of a 1/4 mineral interest created an ambiguity in the 1962 warranty deed, held that the Duhig rule compelled the court to quiet title in favor of grantee Johnson's successors. The court also rejected Finkle's claim that the warranty deed should be reformed to effectuate the intent of the now-deceased parties because Finkle failed to present clear and convincing evidence that the Andersons and Johnson mutually intended to convey only a 1/4 mineral interest in the Disputed Lands to Johnson. The court held that Finkle does not have an interest in the minerals. Johnson v. Finkle, File No. 31-11-C-00050, Order (County of Mountrail Dist. Ct. Oct. 31, 2012).

Finkle appealed the quiet title order and judgment, arguing that an exception to the Duhig rule that is not at issue in this appeal applied and therefore the trial court should have awarded each side a 1/4 mineral interest in the Disputed Lands. Johnson's successors argued the trial court correctly applied the Duhig rule and properly rejected the deed reformation claim. Finkle's reply brief stated, "Finkle is not arguing that reformation is appropriate or that the October 4, 1962 deed is ambiguous." The Supreme Court of North Dakota, limiting its discussion to the sole issue argued by Finkle, and emphasizing that "[t]he language of the deed is clear and unambiguous," held that the trial court "correctly ruled the Duhig rule applies and determined the Johnsons are the owners of the disputed mineral interest." Johnson v. Finkle, 837 N.W.2d 132, 135, 137 (N.D. 2013). The Court noted that the trial court "also denied Finkle's reformation claim." Id. at 134.

That did not end the litigation. In January 2008, Finkle, a successor to grantor Andersons' mineral interests, conveyed by oil and gas lease her mineral interest leasehold and operating rights in the Disputed Lands to Montana Oil Properties, Inc. In May 2008, Montana Oil assigned 90% of its interest in the Finkle lease to

Appellant Northern Oil and Gas, Inc., a Minnesota corporation ("Northern Oil"). Previously, in June and July 2007, grantee Johnson's successors had conveyed by oil and gas lease their mineral leasehold interest in the Disputed Lands to Duncan Oil Partners, LLC through Duncan Oil's broker. In June 2009, Duncan Oil conveyed its interest in that lease to EOG Resources, Inc. (EOG), a Delaware corporation. EOG proceeded to drill oil and gas wells on the Disputed Lands. Based on a title examiner's opinion, EOG initially credited Northern Oil with a leasehold interest derived from Finkle's mineral estate and made production revenue payments to Northern Oil. After the Supreme Court of North Dakota held in Johnson v. Finkle that "Finkle does not have any interest in the disputed property," 837 N.W.2d at 137, EOG advised that Northern Oil would no longer receive these revenue payments.

Though Northern Oil's leasehold mineral rights gave it a substantial financial interest in the Finkle Litigation, Northern Oil did not participate while Finkle defended the Johnson successors' quiet title claim and asserted her own deed reformation counterclaim in state court. However, when EOG advised Northern Oil it would no longer receive revenue payments because Finkle had no mineral interest in the Disputed Lands, Northern Oil retained out-of-state attorneys and commenced this diversity action against EOG. Northern Oil asserts claims and arguments mirroring those asserted by Finkle in the Finkle Litigation and rejected by the state trial court and the Supreme Court of North Dakota -- that the Duhig rule does not apply because the 1962 warranty deed is ambiguous; that North Dakota cases adopting the Duhig rule were wrongly decided; that extrinsic evidence is admissible to show the "true intent" of the parties to the warranty deed, even if the Duhig rule applies because the deed is unambiguous; and that the 1962 warranty deed should be reformed to reflect the Andersons' and Henry Johnson's "true intent" to reserve a 1/4 mineral interest for the Andersons and convey the remaining 1/4 mineral interest to Johnson. Thus, this case is a textbook example of a party using federal diversity jurisdiction as a forum-shopping device to avoid an adverse state court decision, a

tactic condemned by the Supreme Court in its landmark decision in <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 74-75 (1938) (the prior rule -- that federal courts exercising diversity jurisdiction need not apply the law of the state as declared by its highest court -- "made rights . . . vary according to whether enforcement was sought in the state or in the federal court [and] prevented uniformity in the administration of the law of the state").

The district court[3] was not fooled. Citing <u>Johnson v. Finkle</u>, the court first dismissed Northern Oil's action on res judicata preclusion grounds. <u>N. Oil & Gas, Inc. v. EOG Res., Inc.</u>, No. 1:16-CV-388, 2019 WL 13120341, at *5 (D.N.D. Jan. 15, 2019). Northern Oil appealed. We reversed because Northern Oil acquired its leasehold interest before the Finkle Litigation, based on a recent Supreme Court of North Dakota opinion[4] stating that "the privity doctrine cannot be applied if the rights to property were acquired by the person sought to be bound before the adjudication." <u>N. Oil & Gas, Inc. v. EOG Res., Inc.</u>, 970 F.3d 889, 895 (8th Cir. 2020) (quotation omitted).

On remand, the district court granted summary judgment to EOG. <u>N. Oil & Gas, Inc. v. EOG Res., Inc.</u>, 599 F. Supp. 3d 832, 844 (D.N.D. 2022). First, the court concluded that "the North Dakota Supreme Court's construction of the very same deed in question in this case in <u>Finkle</u> was correct" and the <u>Duhig</u> rule applied to the overconveyance in the 1962 warranty deed. <u>Id.</u> Second, the court dismissed the deed reformation claim as time-barred and, alternatively, because "it is readily apparent

---

[3]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

[4]<u>Gerrity Bakken, LLC v. Oasis Petroleum N. Am., LLC</u>, 915 N.W.2d 677, 684 (N.D. 2018). The district court had distinguished <u>Gerrity</u> because Northern Oil's interests align with lessor Finkle and were adequately protected in the state court litigation. <u>N. Oil</u>, 2019 WL 13120341, at *5.

that the claim fails for a lack of clear and convincing evidence that the 1962 Warranty Deed does not reflect the parties' intent." Id. at 842. Northern Oil appeals. Reviewing the grant of summary judgment *de novo*, we affirm. See, e.g., Anderson v. Hess Corp., 649 F.3d 891, 896 (8th Cir. 2011) (standard of review).

## I. Duhig Rule Issues

Northern Oil first argues that the Andersons' reservation of a 1/4 mineral interest in the Disputed Lands makes the 1962 warranty deed ambiguous as a matter of law. In support, it presents the same three possible interpretations of the reservation that Finkle argued in the Finkle Litigation. The North Dakota trial court deemed this argument "not persuasive" because it "could seemingly be made in every case where there is a dispute about the meaning of a mineral reservation in a warranty deed." Order at 6; accord Gawryluk, 654 N.W.2d at 404-05. The Supreme Court of North Dakota, in affirming, declared that the language in the deed conveying a 3/4 mineral interest in the Disputed Lands to Johnson and reserving a 1/4 mineral interest for the Andersons "is clear and unambiguous." Finkle, 837 N.W.2d at 135.[5]

Other than the frivolous assertion that this statement was dicta because Finkle did not argue on appeal an issue she argued and lost in the trial court, Northern Oil argues it is not bound because it was not a party in the Finkle Litigation. But that is a preclusion argument based on lack of privity, an issue we decided in Northern Oil's favor in the first appeal. Now, we are addressing in a diversity case the merits of an issue governed by North Dakota law.[6]

_____

[5]Northern Oil nonetheless asserts on appeal, "*there is no question* that the mineral reservation in . . . the Warranty Deed is ambiguous" (emphasis added).

[6]Northern Oil also argues that the plain language of N.D.C.C. § 47-09-13 "directly contravenes the Duhig rule." The statute provides "that a reservation in any

If the Supreme Court of North Dakota has spoken on an issue in an applicable case, "we are bound in our interpretation[] of North Dakota law." Kovarik v. Am. Fam. Ins. Grp., 108 F.3d 962, 964 (8th Cir. 1997); cf. Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 744 (1st Cir. 1990) ("[L]itigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed."). Under Erie, our task is to determine the law of North Dakota as established by applicable decisions of its Supreme Court. What decision could be more "applicable" than a decision by the highest court in the State of North Dakota construing *the very same deed* that is at issue in this diversity case? Because the Supreme Court of North Dakota has decided the ambiguity issue, affirming a careful analysis by the state trial court, we hold that the 1962 warranty deed unambiguously overconveyed the Andersons' mineral interest in the Disputed Lands to Johnson. Northern Oil's assertion that this ruling is merely non-binding dicta is frivolous.[7]

---

grant . . . is to be interpreted in favor of the grantor." Despite a legion of North Dakota cases applying the Duhig rule, including Johnson v. Finkle, Northern Oil cites in support only a case that considered ambiguous language in a judgment, not an unambiguous reservation in a warranty deed, and that made no mention of Duhig. A federal court in a diversity case applies North Dakota law, not what Northern Oil's lawyers think North Dakota law should be.

[7]Johnson v. Finkle is consistent with prior Supreme Court of North Dakota decisions. A conveyance of land without a reservation of the minerals conveys 100 percent of the minerals as well as the surface rights. Sibert v. Kubas, 357 N.W.2d 495, 496 (N.D. 1984). When the conveyance also contains a reservation, "[t]he key question is, not what the grantor *purported* to retain for himself, but what he *purported* to give to the grantee." Id. at 497 (emphasis added, quotation omitted). That this results in an overconveyance does not create a latent ambiguity, so long as the language in the granting and reservation clauses is otherwise unambiguous. See Gawryluk, 654 N.W.2d at 404-05; Miller v. Kloeckner, 600 N.W.2d 881, 886 (N.D. 1999). "The contest between grantor and grantee should be resolved by the language of the deed between them. . . . If both grant and reservation cannot be given effect, the reservation must fail." Sibert, 357 N.W.2d at 498 (quotation omitted).

## II. The Deed Reformation Claim

The district court granted summary judgment dismissing Northern Oil's reformation claim as time-barred by the ten-year statute of limitations in N.D.C.C. § 28-01-15(2), applying a Supreme Court of North Dakota decision issued after the Finkle Litigation, <u>Western Energy Corp. v. Stauffer</u>, 921 N.W.2d 431, 434-35 (N.D. 2019). <u>N. Oil</u>, 599 F. Supp. 3d at 842. Alternatively, the court held "that the claim fails for a lack of clear and convincing evidence that the 1962 Warranty Deed does not reflect the parties' intent," <u>id.</u>, consistent with the state trial court's analysis of Finkle's reformation claim, Order at 8-15.[8] On appeal, the only reference to reformation in Northern Oil's statement of the three issues presented was, "Whether Northern's claims to enforce the intent of the parties are time-barred . . . ." The Argument section addressed only the statute of limitations issue. The Brief of Appellee EOG stated that the issues include "Whether Northern's evidence fails as a matter of law to meet the clear and convincing standard of proof for a reformation claim." Northern Oil's Reply Brief again addressed only the statute of limitations issue.

We conclude we need not consider whether Northern Oil's reformation claim is time-barred under <u>Western Energy</u>. As a federal court exercising diversity jurisdiction, our task is to determine how the Supreme Court of North Dakota would decide the reformation issue if presented. Here, *it was presented in the Finkle*

---

[8]North Dakota courts may retroactively reform a written contract that "does not truly express the intention of the parties" due to mutual mistake. N.D.C.C. § 32-04-17; <u>see also</u> N.D.C.C. § 9-03-13 (mistake of fact). To succeed on this claim, a grantor successor such as Northern Oil must prove by clear and convincing evidence that *both* the Andersons and Henry Johnson intended to convey a 1/4 mineral interest in the Disputed Lands to Johnson and reserve the remaining 1/4 mineral interest for the Andersons. <u>See</u> <u>Melchior v. Lystad</u>, 786 N.W.2d 8, 12 (N.D. 2010) (burden of proof).

*Litigation*.[9]  The state trial court thoroughly analyzed the historic title and other records and concluded that Finkle failed to meet her "heavy burden" to support reformation of a deed with clear and convincing evidence.  Order at 8-15.  Finkle did not appeal that ruling.  The Supreme Court of North Dakota noted that the trial court had denied reformation and affirmed the order granting Johnson's successors the ½ mineral interest at issue.  The trial court's decision then became an "applicable" decision establishing North Dakota law in this diversity case.  Thus, the district court's alternative holding that denied Northern Oil's reformation claims for the same reasons must be affirmed.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

---

[9]Northern Oil's Complaint did not disclose that Finkle asserted a reformation claim in the state court action, that the trial court rejected the claim, and that Finkle did not appeal that ruling.  Deception is not uncommon in forum shopping.