Filed 10/13/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 242

Douglas J. Meyer, Pamela C. Handley, 

Stephen T. Meyer, Andrea K. Meyer, 

Emil J. Meyer, Jr., Plaintiffs and Appellants

v.

Noman E. Engebretson, Stephanie C. McCall 

and Robert E. McCall Trustees of the 

Stephanie C. McCall Living Trust dated 

December 21, 2010, Karen E. Smith Personal 

Representative of the Estate of Caryl E. Smith, 

North Dakota Minerals, LLC, Wilma Wiengart, Daniel 

Meyer, Sandra Spehar, Claude Dean Davis, Kelly Marie 

Fox, Michelle Annette Jefferson, James Ghrames, Gary P. 

Hytrek, Pamela C. Hytrek, Cheryl D. Hytrek, Barbara 

June Nisley, Fred Louis Orchard, Eric J. (and Regina) 

Kaupanger, Elena M. Brady Trustee of the Mark A. 

Kaupanger 2008 Irrevocable Special Needs Trust, 

Heir of Arthur M. Kaupanger, Sonja M. Nelson, 

Kristiane Kaupanger, f/k/a Chris Ellis, Karen 

L. Kaupanger, Karlene R. Dahlmeier, Cynthia 

K. Kaupanger, Kurt Kaupanger, American Oil 

and Gas, Inc., Evertson Energy Partners Royalty, 

LLC, Gary C. Stewart, S&E Royalty, LLC, 

Sundance Energy, Inc., Morganthaler Oil and 

Gas Properties, LLC, Charles J. Heringer III Trustee, 

Horizon Royalties, LLC, OGR Bakken Resources, LLC, 

Hess Corporation, WM ND Energy Resources II, LLC, 

and any individual or entity known and 

or unknown who may have or claim interest in 

mineral ownership in and to all oil gas and 

other minerals in the subject lands, Defendants

Hess Corporation, Sonja M. Eckert, Karen A. Bailey, 

Robert C. Engebretson, Henry M. Hanson, Dean C. Hanson, 

Angela Scott DeGrado, Myrna Elletson, Deanna Faye Asmus, 

Nancy Carlson, Debra Neff, Kristen Giuseffi, 

Dennis Meyer, Christie Meyer, Kay Malloy, Bruce R. Davis, 

John M. Pearsall, Jeanine Sanders, David O. Pearsall 

The Estate of Oliver O. Pearsall, c/o John M. 

Pearsall, Ann Marie Urban, LPI Holdings, LLC, Eagle Pass 

Properties, LLC, Rose Exploration, Inc., William R. LaCrosse 

and Tammy LaCrosse, XTO Energy, Inc., Whiting Oil 

and Gas Corporation, Northern Oil and Gas, Inc., Triangle 

USA Petroleum Corporation, Appellees

No. 20150170

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Per Curiam.

Gary M. Beaudry, 836 Holt Drive, Suite 210, Big Fork, Mont. 59911, for plaintiffs and appellants.

Michael D. Schoepf (argued) and Lawrence Bender (on brief), 1133 College Drive, Suite 1000, Bismarck, N.D. 58501, for appellees John M. Pearsall, Jeanine Sanders, David O. Pearsall, The Estate of Oliver O. Pearsall, c/o John M. Pearsall, Ann Marie Urban, LPI Holdings, LLC, Eagle Pass Properties, LLC, Rose Exploration, Inc., William R. LaCrosse and Tammy LaCrosse, XTO Energy, Inc., Northern Oil and Gas, Inc., and Triangle USA Petroleum Corporation.

Jon Bogner (on brief), P.O. Box 1173, Dickinson, N.D. 58602-1173, for appellee Whiting Oil and Gas Corporation.

Gene W. Allen (on brief), P.O. Box 188, Beach, N.D. 58621-0188, for appellees Sonja M. Eckert, Karen A. Bailey, Robert C. Engebretson, Henry M. Hanson, Dean C. Hanson, Angela Scott DeGrado, Myrna Elletson, Deanna Faye Asmus, Nancy Carlson, Debra Neff, Kristen Giuseffi, Dennis Meyer, Christie Meyer, Kay Malloy, and Bruce R. Davis.

Elizabeth E. Klingensmith (on brief) and Michael J. Mazzone (on brief), 1221 McKinney Street, Suite 2100, Houston, Tex. 77010-2007; Peter H. Furuseth (on brief) and Taylor D. Olson (on brief), P.O. Box 417, Williston, N.D. 58802-0417, for appellee Hess Corporation.

Meyer v. Engebretson

No. 20150170

Per Curiam.

[¶1] Douglas Meyer, Pamela Handley, Stephen Meyer, Andrea Meyer, and Emil Meyer, Jr. (collectively “Emil Meyer Heirs”), appeal from a summary judgment deciding ownership of certain Williams County mineral interests.  The Emil Meyer Heirs argue the district court erred in interpreting an executrix deed conveying property and excepting and reserving mineral interests.  They contend the deed conveyed and reserved all of the decedent’s mineral interests resulting in an overconveyance, the rule for construing overconveyances from 
Duhig v. Peavy-

Moore Co.
, 144 S.W.2d 878 (1940) applies, and the purported reservation of the mineral interests was ineffective.  In 
Waldock v. Amber Harvest Corp.
, 2012 ND 180, 820 N.W.2d 755, this Court interpreted a similar deed and rejected an argument that the plain language of the deed resulted in an overconveyance of mineral interests and that the 
Duhig
 rule applied.  We conclude the plain language of the executrix deed is clear and unambiguous and the 
Duhig
 rule is not applicable because the deed did not result in an overconveyance of mineral interests.  We summarily affirm under N.D.R.App.P. 35.1(a)(6) and (7).

[¶2] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom